# Moore *versus* Cornell.

1. An assignment of a mortgage-debt carries the mortgage with it.

2. Whatever will give the money secured by a mortgage will carry the mortgaged premises.

3. The great object of the Act of 1848 was to secure a married woman's property from her husband and his creditors.

4. The Act of 1848 did not confer upon a married woman any power or capacity which she did not possess before, except to make a will, bind her estate for necessaries and perhaps its repair or improvement.

5. The assignment of her mortgage without her husband joining, is void.

6. The assignment of a wife's mortgage by husband and wife without the acknowledgment required by the Act of 1848, is invalid.

7. Haines *v.* Ellis, 12 Harris 253, distinguished.

March 31st 1871. Before THOMPSON, C. J., READ and SHARS-WOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county:* Of January Term 1871, No. 354.

[Moore v. Cornell.]

The record in the court below showed a scire facias sur mortgage, issued August 12th 1868, by Amanda E. Cornell, for the use of A. C. Moore, against John Eutermarks, administrator d. b. n. of W. W. Willard, deceased. The verdict, June 1st 1870, was for the plaintiff for $2323.04. On the 30th of September the court ordered that "a feigned issue be joined to try the right to the judgment recovered in this case, in which issue, A. C. Moore who claims to be the equitable owner thereof by assignment, shall be made plaintiff, and Amanda E. Cornell defendant, the issue to be joined on a wager in the usual form," &c.

The facts were these :—

On the 11th of August 1863, W. W. Willard made a mortgage to Amanda E. Cornell, then the wife of Alonzo Cornell, to secure the payment of $2144. The following assignment was endorsed on the mortgage :—

"For value received we hereby assign to A. C. Moore all our right, title and interest in the within mortgage, except two hundred and forty-eight dollars, with interest from 5th of March 1864, which has been assigned to R. Watrus, and is for his use.

Witness our hands and seals the 19th day of May, A. D. 1864.
ALONZO CORNELL. [L. S.]
MRS. A. E. CORNELL. [L. S.]"

There was no acknowledgment of any kind of this assignment.

Alonzo Cornell, the husband of the plaintiff in the scire facias, died before the issuing of that writ.

On the trial of the feigned issue before Gamble, P. J., the plaintiff, Moore, offered the mortgage and assignment in evidence. They were objected to by the defendant, rejected by the court, and a bill of exceptions sealed. The plaintiff offered no other evidence, and the court directed a verdict for the defendant which was rendered accordingly.

The plaintiff took a writ of error, and assigned the rejection of the evidence and the instructions of the court for error.

*S. Linn* (with whom were *J. J. Metzger* and *W. H. Armstrong*), for plaintiff in error.—A married woman may assign, convey and dispose of her separate estate, real and personal, with her husband's consent and concurrence, according to the forms known to the law before the passage of the Act of 1848; the form prescribed by that act is only required where the husband seeks to sell or encumber her property: Haines *v.* Ellis, 12 Harris 253; Black *v.* Galway, Id. 18. The mortgage is but a chose in action, and an assignment of it does not require a separate acknowledgment by the wife: Craft *v.* Webster, 4 Rawle 242; Bright on Husband and Wife 78; Fay *v.* Cheney, 14 Pick. 399; Smith *v.* Dyer, 16 Mass. 18.

18 P. F. SMITH—21

[*Moore v. Cornell.*]

*H. H. Cummin* and *H. C. Parsons*, for defendant in error.—
All the requirements of the Act of February 24th 1770, must
be complied with, or the interest of the wife does not pass, and
the instrument is void as to her: Kirk *v.* Dean, 2 Binney 346;
Watson *v.* Bailey, 1 Id. 470; Evans *v.* Commonwealth, 4 S. & R.
272; Jourdan *v.* Jourdan, 9 Id. 273; Sweigart *v.* Berk, 8 Id.
299. Since the passage of the Act of 1848, the decisions of the
court, as to the separate estate of the wife, and its conveyance
or encumbrance, have been to construe the Act of 1770 and the
Act of 1848 as statutes in *pari materia*: Glyde *v.* Keister, 8
Casey 85; Keen *v.* Coleman, 3 Wright 299; Steinman *v.* Ewing,
7 Id. 63; Rumfelt *v.* Clemens, 10 Id. 455; Michener *v.*
Cavender, 2 Id. 335; Louden *v.* Blythe, 3 Casey 22; Stoops *v.*
Blackford, Id. 213; Phillips *v.* Bank of Lewistown, 6 Harris
394.

The opinion of the court was delivered, May 8th 1871, by

Sharswood, J.—A mortgage, though in form a conveyance of
land, in virtue whereof the mortgagee may maintain ejectment,
and recover and hold the possession until paid, is nevertheless in
substance only a security for a debt. It is but a chose in action,—
personal estate. A devise of a man's personal estate carries with
it all his mortgages. A mortgage is discharged by payment, and
an assignment of the debt transfers the right to the mortgage
itself; for whatever will give the money secured by the mortgage,
will carry the mortgaged premises along with it: Wentz *v.* Deha-
ven, 1 S. & R. 317; Rickert *v.* Madeira, 1 Rawle 329; Asay *v.*
Hoover, 5 Barr 35; Craft *v.* Webster, 4 Rawle 255; Simpson *v.*
Ammons, 1 Binn. 175; Smith *v.* Shuler, 12 S. & R. 240. Before
the Married Woman's Act of April 11th 1848, Pamph. L. 533, it
was well settled that the husband could by an assignment for a valu-
able consideration, without the consent of his wife, transfer his
wife's choses in action including her mortgages, and thereby bar
her right if she survived him. The husband might sell his wife's
chose in action, but could not give it away freed from the inci-
dents of the marriage: Hartman *v.* Dowdel, 1 Rawle 281; Siter's
Case, 4 Id. 468; Webb's Appeal, 9 Harris 248. The Act of
1848 took away this power of the husband by enacting that
"every species and description of property, whether consisting of
real, personal or mixed, which may be owned by or belong to any
single woman, shall continue to be the property of such woman as
fully after her marriage as before, and all such property, of what-
ever name or kind, which shall accrue to any married woman by
will, descent, deed of conveyance or otherwise, shall be owned,
used and enjoyed by such married woman as her own separate
property, and the said property, whether owned by her before
marriage or which shall accrue to her afterwards, * * * shall not

[Moore *v.* Cornell.]

be sold, conveyed, mortgaged or transferred, or in any manner encumbered by her husband without her written consent first had and obtained, and duly acknowledged before one of the judges of the Courts of Common Pleas of this Commonwealth, that such consent was not the result of coercion on the part of her said husband, but that the same was voluntarily given and of her own free will." It will be observed that the language of this act is precise that the property of such married woman "shall be owned, used and enjoyed"—it does not say aliened or transferred. Indeed the great object of the Act of 1848 was to secure the property of a married woman against her husband and his creditors. It did not confer upon her any power or capacity which she did not possess before, except that of making a will, and of binding her estate by a contract for necessaries, or perhaps, though this, for one, I doubt, a contract for the repair or improvement of her real estate. Hence it was held by this court in Stoops *v.* Blackford, 3 Casey 213, that an assignment of a mortgage by a married woman without her husband joining in the instrument is void. In that case our brother Williams, in the District Court of Allegheny county, in his opinion below said : "Nor did it (the Act of 1848) authorize the mortgage, transfer or assignment of the wife's estate by the husband, except in the mode prescribed by the act. The mortgage in this case was not transferred or assigned in accordance with the provision of the statute which requires the wife's written consent, duly acknowledged before one of the judges of the Common Pleas, to be first obtained." The judgment in that case was affirmed in this court. It follows necessarily that an assignment by the husband and wife, without the acknowledgment required by the act, is as invalid as an assignment by either alone would be. This provision was aimed not merely at the legal power which the husband before possessed, but at the influence which he could still continue to exercise, and was but the carrying out of the settled policy of our jurisprudence in regard to the deeds and conveyances by married women of their real estate. The case of Haines *v.* Ellis, 12 Harris 253, holds no other doctrine. It was there decided that a deed executed by husband and wife, and acknowledged as required by the Act of 1770, was a valid conveyance of the wife's interest. "The Act of 1848, as now understood," said Chief Justice Lewis, "makes no change in the mode of alienation, although it does in the nature of the wife's estate. A married woman's estate can only be conveyed or affected either by uniting with her husband in a deed separately acknowledged according to the Act of 1770, or by some act of the husband under 'a previous written consent of the wife,' duly acknowledged according to the Act of 1848. The object of the statute last named was to protect her estate from being encumbered or conveyed by her husband, or taken by his creditors

[Moore *v.* Cornell.]

against her consent, and not to enable her to sell, encumber or give it away without his consent." It does not appear in that case how the deed was acknowledged, nor was it material, for it was provided by the 10th and 11th sections of the Act of April 9th 1849, Pamph. L. 526, that all deeds of married women executed and acknowledged according to the provisions of existing laws previous to the Act of 1848, should be deemed sufficiently executed and acknowledged. This act was retrospective as well as prospective. See also the Act of April 18th 1853, § 23, Pamph. L. 573.

Judgment affirmed.