# Kirby *versus* Cash.

1. Writs of scire facias to revive the liens of judgments were issued to December Term 1877, within about ten days of five years from their entry. The writs were served on the assignee of one of the defendants as terre-tenant, and there was a return of *nihil habet* as to the other defendants. On the 7th of January 1879, alias writs of scire facias were issued, and service made upon other terre-tenants. The court below held that as to the terre-tenants the alias writs were too late. *Held,* that this was error, and that the service was in time to continue the lien as to them.

2. The Acts of 1798, and of March 26th 1827, are statutes of limitation; if the process issues a single day within the time it saves the bar; with this process the terre-tenant, though not named in it, may be connected by an alias, and the reasonable time within which this may be done is the statutory period of five years.

3. Lichty *v.* Hochstetler, 10 Norris 444, followed.

March 10th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Bradford county :* Of January Term 1880, No. 13.

Case stated wherein Job P. Kirby, to use, was plaintiff against George P. Cash and Wellington Bramhall, defendants, and H. L. Scott, assignee of George P. Cash, and D. S. Pratt, M. C. Wells, James Bryant and James McIntyre, terre-tenants.

The case as stated, in substance, was as follows: Job P. Kirby, the plaintiff, held judgments against the original defendants, George P. Cash and W. Bramhall, the same being entered of record in said court, October 12th 1872. Writs of scire facias

were issued on the same against the original defendants, and H. L. Scott, assignee of George P. Cash, terre-tenant (the said Scott having some time previously been made, by said Cash, his assignee for the benefit of creditors). ·The præcipes for the writs directed that writs of scire facias should not only be issued against " H. L. Scott, assignee, terre-tenant," but also " and all other terre-tenants," and were dated and filed October 2d 1877, and the writs made returable to December Term 1877.    To these writs, October 25th 1877, the sheriff made the following return : " I certify, that on October 18th 1877, I served this scire facias on the within-named H. L. Scott, assignee and terre-tenant, by personally making known to him the contents hereof, and I also gave him a true and attested copy of the same.    *Non est* as to George P. Cash and W. Bramhall."

On January 7th 1879, alias writs of scire facias issued against George P. Cash, W. Bramhall and H. L. Scott, assignee of George P. Cash, D. S. Pratt, M. C. Wells, James Bryant and James McIntyre, terre-tenants, and all other terre-tenants, the præcipes ordering the same " to be connected with, and a continuance of, the prosecution of scire facias Nos. 434 and 435, December Term 1877, issued on the original judgments," the same being made returnable to September Term 1879.

Service of the same on the terre-tenants, D. S. Pratt, M. C. Wells, James Bryant and James McIntyre, was acknowledged. There was no service on either Cash or Bramhall.    On July 9th 1879, upon motion, the court ordered writs of scire facias in each of the above cases to be amended to correspond with the præcipe without prejudice to the terre-tenants.    The land of M. C. Wells was conveyed by Cash, July 1st 1873, and the land of James McIntyre, January 9th 1873, and deeds duly recorded of same dates.

If the court be of opinion that the land of the said terre-tenants, M. C. Wells and James McIntyre, are bound by the above judgments on which the said writs of scire facias were issued, and that they are a lien on the same, then judgment is to be entered in both cases against these terre-tenants, if not, then judgment for them.

The court, Morrow, P. J., in an opinion, *inter alia,* said :—

" Here the scire facias was issued ten days before the five years expired, but the alias was not issued until more than nineteen months thereafter.    Five or six terms had intervened.    The defendants have not been served at all, but because the scire facias was served on Scott, who was named as assignee of Cash, and terre-tenant, it is claimed by the authority of Silverthorn *v.* Townsend, 1 Wright 263, that the plaintiff had five years in which to prosecute his writ and recover his judgment of revival ; and that the alias and service on the other terre-tenants was but a proceeding commenced within the time prescribed by the Act 26th March

[Kirby v. Cash.]

1827. The whole recovery in that case is based upon the fact of the service of the writ on the terre-tenant. Judgment might have been taken against him without an alias. The alias was necessary only to obtain judgment against the defendant. It is true it was not issued until more than seven years had passed after the rendition of the original judgment, but was a prosecution of the first writ. Judge STRONG said, 'it is to be observed, that the terre-tenant was notified of the first writ before the expiration of the five years from the time when the judgment was first entered. The case therefore differs from Westmoreland Bank v. Rainey, 1 Watts 30, where there was no service at all upon the first writ. An alias five terms thereafter, was held too late in that case, partly, if not principally, because there was a return of nihil to the first. In this case there was a partial service, and the sole purpose of the second writ was to call in the judgment-debtor, that a revival might be adjudged against him, as well as the terre-tenant.' Judge AGNEW stated the case more briefly in Fulton's Estate, 1 P. F. Smith 209. ' In the Westmoreland Bank v. Rainey, 1 Watts 26, it was decided that the issuing of a sci. fa. within five years, but to which the return was nihil, and an alias did not issue for five terms, nor until five years had expired, did not continue the lien. If the return had been *tarde venit*, or if an effective service on the first writ had been made on the terre-tenant, as was held by our brother STRONG, in Silverthorn v. Townsend, 1 Wright 263, the lapse of time before issuing the alias would not have postponed.' Whatever therefore may be said that Westmoreland Bank v. Rainey, was decided under the second section of the Act 26th March 1827, and the Act 23d March 1829, the Supreme Court seem to regard it as establishing the rule just stated. This rule, I think, is decisive of this case; for there was no partial nor effective service of the first writ. The case stated, shows that Scott was the assignee of Cash for the benefit of creditors. He was not a purchaser; had no title to the land, except as naked trustee. Calling and serving him as terre-tenant did not place him in that relation. The return to the first writ therefore, was, in effect, nihil. No terre-tenants had been named in it, and it was not until nearly twenty months thereafter that the alias was issued, in which they were named. At that time six years and eight months had elapsed since the judgment was entered, and McIntyre's deed had been on record five years and five months. Practically, if terre-tenants are not named in the scire facias, the plaintiff must direct the sheriff on whom to serve the writ. Doing neither, until so much time had elapsed, I think the lands of the terre-tenants were discharged from the lien. * * * Silverthorn v. Townsend decided that a plaintiff had five years, as his sci. fa. was sued out, to prosecute it to judgment, qualified, however, with the fact that it was served on the terre-tenants in time. It exploded the dicta that it must be prosecuted in a year and a day, or it would

[Kirby *v.* Cash.]

be held to be an abandonment. But it does not go the length claimed by the plaintiff in this case.

"And now judgment on the case stated in favor of the terre-tenants, and against the plaintiff in each case."

Kirby took this writ and alleged that the court erred in this action.

*James Wood*, for plaintiff in error.—The first section of the Act of March 26th 1827, will scarcely admit of any other interpretation than, that the bare issuing of a scire facias within five years from the rendition of a judgment, will have the effect to continue the lien thereof for .another period of five years from said issuing. And unless the prosecution of said sci. fa. be manifestly abandoned, an alias, to bring in such parties as had not been previously served, might issue at any time, so that judgment be not delayed beyond said five years. A judgment of revival within five years from the issuing of the sci. fa. is a prosecution with due diligence : Meason's Estate, 4 Watts 344; Davidson *v.* Thornton, 7 Barr 128 ; Silverthorn *v.* Townsend, 1 Wright 263 ; Hood & Co.'s Appeal, 1 P. F. Smith 204.

*E. B. Stinger*, for defendant in error.

Mr. Justice Gordon delivered the opinion of the court, March 22d 1880.

The writs of scire facias, in the cases mentioned in the case stated, were issued to December Term, 1877, within about ten days of five years from their entry. They were served on Cash's assignee as terre-tenant, and there was a return· *nihil habet* as to the other defendants. On the 7th of January 1879, alias writs were issued and service made upon D. S. Pratt, M. C. Wells, . James Bryant and James McIntyre, terre-tenants.

The learned judge of the court below, following the case of The Westmoreland Bank *v.* Rainey, 1 Watts 26, held that, as to the terre-tenants, the alias writs were too late, and, so, ordered judgments to be entered for the defendants.

This was erroneous, as being in direct conflict with the case of Lichty *v.* Hochstettler, 10 Norris 444. In that case the judgment was entered on the 27th of February 1872 ; a scire facias was issued on the 2d day of February 1877, which was served on the defendant alone. To April Term, 1878, an alias was issued and served on the terre-tenants. We held, reversing the court below, that this service was in time to continue the lien as to these terre-tenants. After a careful examination of all the authorities, we came to the conclusion "that the Acts of 1798 and 1827 are statutes of limitation ; that if the process issues a single day within the time it saves the bar ; that with this process, though not named

[Kirby *v.* Cash.]

in it, the terre-tenant may be connected by an alias, and that the time, the reasonable time, within which this may be done is the statutory period of five years."

It will be seen that these two cases are strikingly similar, the only point of difference being that, in the case cited, service was made of the first scire facias on the defendant, whilst, in the case in hand, it was made on one of the terre-tenants. This, however, is of no significance; for, as was ruled in In re Meason's Estate, 4 Watts 341, and, as will also appear by the act itself, the issuing of the scire facias alone continues the lien of the judgment for the period of five years from the date of such issue, and within that period all whom it is intended to charge with that lien may be brought in and judgment had against them.

> The judgment is reversed. And it is ordered that judgments in the two cases mentioned in the case stated be entered against the defendants and in favor of the plaintiff.