## HENRY BENNETHUM v. LEVI W. BOWERS.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 3, 1890—Decided March 17, 1890.
[To be reported.]

(a) The sheriff's return to a summons was as follows: " Served the within writ of ejectment by giving a true and attested copy thereof to Levi Wesley Bowers, defendant, personally, and making known to him the contents thereof, December 27, 1888. [Signed] Cyrus Bollinger. Served as above. So answers George B. Schaeffer, sheriff: "

1. Said return was sufficient. The adoption by the sheriff of the service made by Bollinger sufficiently indicated the authority under which the latter acted; he was thus recognized as the sheriff's deputy, and it was immaterial that the words, "deputy-sheriff," were omitted from his name.

2. The return showing that a true and attested copy of the writ was given to the defendant, it is conclusive thereof between the parties, cannot be contradicted aliunde, and it was error to set aside the service upon extraneous evidence that the copy served was not a true and attested copy.

3. The setting aside the service of a writ does not set aside the writ, which remains; and, whether an order of the court below setting aside the service of a summons in ejectment is interlocutory and therefore not reviewable on appeal, is not decided, because the question is not raised.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 33 January Term 1890, Sup. Ct.; court below, No. 33 January Term 1889, C. P.

Opinion of Court below.

On December 27, 1888, Henry Bennethum brought ejectment against Levi Wesley Bowers, and the same day filed a declaration and entered a rule to have arbitrators chosen. To said writ the sheriff made a return of service as follows :

Served the within writ of ejectment by giving a true and attested copy thereof to Levi Wesley Bowers, defendant, personally, and making known to him the contents thereof, on December 27, 1888.

Sworn and subscribed before me     CYRUS BOLLINGER.
this 3d day of January, 1889.    Served as above. So answers
    D. H. SCHWEYER,         GEO. B. SCHAEFFER,
         Prothonotary.                  Sheriff.

On January 12, 1889, the defendant presented his petition, in which he averred that the return of service indorsed upon the writ was not " true and correct; that there was no legal service of the same made upon him; that no true and attested copy thereof was served upon him ; that no copy was served upon him." To the petition was attached a paper which was alleged to be the copy served, and upon which paper there was no attestation nor seal. The petition prayed for a rule to show cause why, among other things, the " return of service as made in the matter of the said ejectment should not be set aside."

A rule to show cause having been argued, on May 25, 1889, the court, ERMENTROUT, J., filed the following opinion :

The act of assembly requires the officer serving a writ, in all cases to state in his return the time and manner in which service thereof was made : § 38, act of June 13, 1836, P. L. 579.

The affidavit of service is signed and sworn to by one Cyrus Bollinger, and the sheriff answers, " served as above," writing this return immediately below the signature of the affiant. The affiant's return is, in its wording, in accord with the requirements of the act of assembly. But the defect consists in the fact that it nowhere appears that the writ was served by an authorized officer. The sheriff does not say he served it, but that Cyrus Bollinger served it ; and it does not appear anywhere of record that Bollinger was then a deputy sheriff or authorized officer. We cannot hold this to be a proper legal service as it stands. The present proceeding raises no question of amendment. The defendant not having appeared, is

Arguments.

not yet legally in court. It follows, therefore, that the service of summons being defective, the rule and notice to arbitrate fall with it.

The law requires the service of an attested copy of the summons. The copy filed is not attested. No seal appears. The case of Winrow v. Raymond, 4 Pa. 501, sets forth that the present proceeding is the proper practice. The writ remains good, but the return of service is set aside. Rule absolute.

—Thereupon the plaintiff took this appeal, assigning for error the order making the rule to show cause why the return of service should not be set aside absolute.

*Mr. Cyrus G. Derr*, for the appellant:

1. It does not necessarily follow that because Bollinger made the affidavit, he also made the service. The return does not say that Bollinger made the service ; it merely avers that the writ was served, and states how, while the sheriff declares, over his official signature, that the writ was "served as above." Bollinger may have seen and heard the sheriff or some other authorized deputy make the service, and so have been able to make the affidavit. In the case of Mentz v. Hamman, 5 Wh. 154, this court said with reference to a sheriff's return to a writ of execution : " It is of no manner of consequence on whose information he (the sheriff) chooses to rely for the truth of his return." Indeed, it is not a necessary inference from the return that Bollinger made even the affidavit; nor is such affidavit necessary.

2. If both the affidavit and the name of Bollinger be stricken out, yet the return remains good on its face. If, however, it is to be assumed that Bollinger made the service and the affidavit, is not, then, the sheriff's unmistakable recognition of Bollinger as a deputy, involved in his basing his return upon Bollinger's affidavit, sufficient evidence of the latter's official capacity? Is it reasonable to set aside a return merely because the word " deputy " was not added to the signature of the person making service and affidavit ? Surely, when the sheriff made his return, basing it upon the affidavit of Bollinger, it involved a declaration that the latter was his deputy. The sheriff cannot deny that he was so, and it is, we submit, impossible to discover any force in the first reason of the learned judge for setting aside the said return.

3. The other reason given by the learned judge is that the paper attached to the defendant's petition, and alleged by the defendant to be the copy served, was not attested and no seal appears thereon. This part of the learned judge's decision does violence to the rule that "where a return, on its face, shows a legal service, it cannot be set aside upon extraneous evidence." The defendant's petition alleged that "no true and attested copy" of the writ had been served upon him, and that the paper attached thereto was the copy served. The learned judge, from the extraneous evidence of the petition and the paper attached thereto, found as a fact that the copy served was not an attested copy. This was allowing the return itself, which declares that the service was made "by giving a true and attested copy" of the writ to the defendant, to be contradicted by extrinsic evidence, and is thus violative of the above quoted rule of law: Kleckner v. Lehigh Co., 6 Wh. 66; Benwood I.-Works v. Hutchinson, 101 Pa. 359.

*Mr. D. E. Schroeder*, for the appellee:

1. Writs in real actions, being executed in the same manner as the summons in personal actions, the method of service prescribed under § 2, act of June 13, 1836, P. L. 572, is to be followed, "by reading the same in the hearing of the defendant, or by giving him notice of its contents, and by giving him a true and attested copy thereof," etc. Section 11 of the same act directs that "the sheriff, or *other officer* serving any writ of summons, shall in all cases state in his return the time and manner in which the service was made."

2. The time and manner of service is not stated in this return. The affidavit of Cyrus Bollinger on the back of the writ, is not in, or a part of the return, but is above it. It is also an affidavit of an individual, not the sheriff, sheriff's deputy, or "other officer," authorized by law to serve a summons or writ. It is clear that the return must show on its face a legal service, otherwise it may be quashed: Lehigh V. Ins. Co. v. Fuller, 81 Pa. 400; Benwood I.-Works v. Hutchinson, 101 Pa. 359; Mentz v. Hamman, 5 Wh. 153; Weaver v. Springer, 2 M. 42; Commonwealth v. Dalling, 2 Pars. 285; Bank v. Perdriaux, Bright. 67.

OPINION, MR. CHIEF JUSTICE PAXSON:

We are of opinion that the learned judge below erred in setting aside the service of the writ. The return was as follows:

" Served the within writ of ejectment by giving a true and attested copy thereof to Levi Wesley Bowers, defendant, personally, and making known to him the contents thereof, on December 27, 1888.

" CYRUS BOLLINGER

" Served as above.

" So answers

" GEORGE B. SCHAEFFER, .

" Sheriff."

There was also an affidavit of service, presumably by Bollinger.

The objection of the court below was twofold: (*a*) That the return does not show that Mr. Bollinger was a deputy-sheriff; and (*b*) that the copy served was not attested.

In regard to the first objection, it is sufficient to say that the adoption by the sheriff of Bollinger's act sufficiently indicates the authority under which the latter acted. He thus recognized him as his deputy, and it is immaterial that he omitted to add the words "deputy-sheriff." It was said by this court in Mentz v. Hamman, 5 Wh. 150, in regard to the return of the sheriff to a writ of execution: "It is of no manner of consequence on whose information he chooses to rely for the truth of his return." If Mr. Bollinger's name were stricken out, it would still be a good return, for the sheriff himself returns the writ served, upon his official responsibility. But, as before observed, there is a distinct recognition by the sheriff of Bollinger's authority, and the defendant cannot be allowed to gainsay it.

The second reason, (*b*) that the copy served was not a true and attested copy, is equally without merit. The sheriff returns that it was a true and attested copy. If this return was false, the sheriff would be liable therefor; but, being in proper form, it is conclusive between the parties, and cannot be contradicted aliunde. The rule is thus stated in Benwood Iron-Works v. Hutchinson, 101 Pa. 359: "Where the return on its face does not show a legal service of the writ, the service may

Opinion of the Court.

be set aside.　As the return must be considered as conclusive, as between the parties to the action, it is error to set aside the service upon extraneous evidence.　Affidavits and depositions are no parts of the record:" citing Kleckner v. Lehigh Co., 6 Wh. 66, where it was held that the court below erred in setting aside the service of the writ upon extraneous evidence.

The question, whether an order of the court below setting aside the service of a writ was reviewable here was not raised, and is not decided.　It may be more than doubted, when the court refuses to set aside the service, for in such case it is clearly an interlocutory order.　The setting aside of service does not set aside the writ; that remains, and an alias can issue thereon; thus stopping the running of the statute. There may be cases where, from the difficulty of making a second service, great hardship might result to a plaintiff from having the service of his writ set aside.　It is difficult to see how such hardship could arise in an action of ejectment, where, if the defendant evades service of the alias writ, it can be served on his tenant in possession; and, if there is no tenant in possession, the plaintiff can enter without an ejectment. In this case, an alias writ would have been a speedier and less expensive remedy than this appeal.　There is much reason for holding that an order setting aside the service is but interlocutory, and not a final judgment; but, in view of the fact that a number of writs of error have come up, in which the action of the courts has been reviewed in similar cases, and that the point was not raised and argued in this case, we will decide it, reserving, however, the right to pass upon this important question of practice when it is squarely raised.

> The order setting aside the service of the writ is reversed, and a procedendo awarded.