Cf. Cochran v. Pew, below, page 184.

---

Kennedy, Appellant, *v.* Baker et al.

[Marked to be reported.]

*Judgment—Scire facias sur mortgage—Service of process—Infant—Attacking record—Act of June* 13, 1836.

A judgment on a scire facias sur mortgage, where the return of the sheriff shows a regular service of the writ as if against an adult, cannot be subsequently attacked in an action of ejectment by proof dehors the / record that the defendant in the scire facias was an infant at the time of the service of the writ.

The act of June 13, 1836, § 83, Purdon's Digest, 71, providing the method of proceedings in actions against minors applies to real actions only, and not to a scire facias sur mortgage, which, for the purpose of service, is a personal action, and is so stamped by § 36 of the same act.

*Infant—Writ—Purchase money mortgage—Disaffirmance of deed.*

Where an infant executes a purchase money mortgage to secure the purchase money for land conveyed to him by deed, he cannot after he comes of age affirm the deed, and at the same time disaffirm the mortgage.

Argued Oct. 13, 1893. Appeal, No. 212, Oct. T., 1893, by plaintiff, Lillian W. Kennedy, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 685, in favor of defendants, William J. Baker, owner, and William Irwin, terre tenant, on special verdict. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment. Before PORTER, J.

The facts appear by the opinion of the Supreme Court.

At the sheriff's sale notice was given that the defendant in the execution was a minor without guardian and that the proceedings were void. The execution creditor was the purchaser, from whom defendants claim, but the special verdict does not show how title was derived.

Judgment for defendants, on special verdict. Plaintiff appealed.

*Error assigned* was entry of judgment, quoting it.

*William C. Moreland, Nathan A. Means* with him, for appellant.—So far as the minor is concerned she never was in court by any one authorized to represent her; nor was plaintiff in a position to enter a valid and legal judgment against her under the writ. The effect of a judgment so taken against a minor contravenes the first principle of justice to hold a man bound by a judgment, against which he has neither opportunity to defend nor notice in any way that he was directly involved in its consequences: Morrison's Admr. v. Mullen, 34 Pa. 12.

As the service was not made in accordance with the act of June 13, 1836, the judgment is void: Act of June 13, 1836, § 83, P. L. 587; Swain v. Fidelity Ins. Co., 54 Pa. 455; Brown v. Downing, 137 Pa. 569; Spencer v. Jennings, 114 Pa. 618; 123 Pa. 195.

The purchaser had full and complete notice that the mortgagor was a minor, and all the subsequent owners had ample notice of record in the proceedings that it was the property of a minor.

*E. P. Douglass*, for appellee.—Where an infant buys land and gives a mortgage to the grantor to secure the unpaid balance of the purchase money, the deed and the mortgage constitute one transaction, and the one cannot be ratified or avoided without producing the same effect on the other: 10 A. & E. Enc. L., p. 650; Dana v. Combs, 6 Greenl. 89; Hubbard v. Cummings, 1 Greenl. 11; Uecker v. Koehn, 21 Neb. 559; Cogley v. Cushman, 16 Minn. 397; Bigelow v. Kinney, 3 Vt. 353; Skinner v. Maxwell, 66 N. C. 45; Richardson v. Boright, 9 Vt. 368; Heath v. West, 28 N. H. 101; Ottman v. Moak, 3 Sandf. Ch. 431.

The writ in this case was scire facias sur mortgage, and was properly served as a summons in a personal action: Act of June 13, 1836, §§ 2, 36, P. L. 572, 578.

The judgments of courts having jurisdiction of the matter cannot be inquired into in a collateral proceeding except for fraud in obtaining the judgment: Hartman v. Ogborn, 54 Pa. 120; Nace v. Hollenback, 1 S. & R. 540; Blythe v. Richards, 10 S. & R. 261; Wood v. Bayard, 63 Pa. 320; Andrews v. Andrews, 7 Heiskell, 234; Smith v. Bradley, 6 Smedes and Marshall, 485; Porters' Heirs v. Robinson, 3 A. K. Marshall's Rep. 253; Elliott v. Elliott, 5 Bin. 1; McDonald v. Simcox, 98 Pa. 619; Levan v. Milholland, 114 Pa. 49; Shaw v. Blakely, 4 Kulp, 191; Gould v. Stookey, 4 Kulp, 283; Gordinier's Ap., 89 Pa. 528; 12 A. & E. Enc. L. 147; Colt v. Colt, 19 Blatch. 399; N. Y. Life Ins. Co. v. Bangs, 13 Otto, 435; Preston v. Dunn, 25 Ala. 507; Robb v. Irwin, 15 Ohio, 689; Morgan v. Burnet, 18 Ohio, 535.

Swain v. Fidelity Ins. Co. was a proceeding in partition, and would come within the provisions of § 83 of the act of June 13, 1836, regulating the service of writs in real actions. The law . laid down in that case is clearly not applicable.

In Brown v. Downing, 137 Pa. 569, there was no service on the minor at all. The return shows that the writ was not served, " as said person was found to be a minor."

Defendants were innocent purchasers without notice.

OPINION BY MR. JUSTICE THOMPSON, December 30, 1893:

The land involved in this ejectment was conveyed to appellant when a minor of eight years of age, and, in part payment

of the purchase money, she executed a mortgage upon the same. Default having been made in the payment of the interest due upon it, a scire facias was issued and returned as served by delivering a copy and making known to her its contents. On June 30, 1880, a judgment was obtained by default. On July 3d, following, appellant, by her father as next friend, filed a petition alleging that, because she was a minor, the service of the writ was void, and also the judgment by default, and praying to have the judgment opened, and that she be permitted to make defence. This was refused. Subsequently on July 8, 1880, the land was sold by the sheriff and purchased by the holder of the mortgage, to whom a deed was duly made and delivered. He accordingly went into possession of it, and he and those who claimed under him, including the appellees in whom became vested all his rights, have continued so to the present time. On June 24, 1891, the appellant became of age, and on January 12, 1892, she commenced this action for the recovery of the land. These facts were subsequently found by a special verdict, and upon it the court below entered a judgment for defendant. This is assigned for error.

The action of the court below rested upon the conclusiveness of the judgment upon the scire facias. The mortgage in question was for purchase money, and the return of the service does not show service upon a minor but to all intents upon an adult. The principle that the integrity of a judgment of a court having jurisdiction, except for fraud, cannot be questioned collaterally is so indurated in our judicial policy that citation of authority to support it would seem vain and useless iteration. The appellant, to avoid the effect of it, contends that the jurisdiction was wanting, because she was a minor when the judgment was obtained and the service gave no jurisdiction. The mortgage upon which that suit was brought was given by appellant for the purchase of the land, and simultaneously a deed for the same was executed and delivered to her. The record shows no disaffirmance of this deed, but on the contrary she has affirmed it by claiming title under it. She cannot affirm it and at the same time disaffirm the purchase money mortgage made simultaneously. The two are but one transaction. In Am. & Eng. Encyclopedia of Law, vol. 10, page 650, it is said: " Where the infant buys land and gives a mortgage back to se-

cure the purchase money, the two deeds constitute one trans-action, and one deed cannot be ratified or avoided without producing the same effect upon the other. This proposition is sustained by Dana v. McCombs, 6 Greenleaf, 89 ; Ottman v. Moak, 3 Sandford Ch. N. Y. 431 ; Richardson v. Boright, 9 Vt. 368 ; Heath v. West, 28 N. H. 101." In this ejectment appellant claimed title under the deed and thus affirmed it, and having done so she has affirmed the mortgage. The scire facias upon the mortgage has ripened into a judgment. The sale has been made in pursuance of it. As such is the case she cannot claim under the deed and at the same time attack collaterally the judgment upon the scire facias.

In Hartman v. Ogborn, 54 Pa. 120, in which a married woman executed a mortgage that by reason of coverture was void, and proceedings upon it having resulted in a judgment and sale, in affirming the court below for entering judgment for defendant, the purchaser at the sheriff's sale, Mr. Chief Justice WOOD-WARD said : "Not only is it a general doctrine of law that the judgments of courts having jurisdiction of the matter cannot be inquired into in a collateral proceeding except for fraud in the manner of obtaining the judgment, but several points have been ruled that are specially applicable to judgments upon scire faciases sur mortgage. For example in Nace v. Hollenback, 1 S. & R. 540, the assignee of a mortgage having obtained judgment against the mortgagor and terre tenant in a suit of scire facias, and afterwards become the purchaser of the premises at the sheriff's sale, brought ejectment against the terre tenant, who offered on the trial to prove that the mortgage had been satisfied before the judgment, but his evidence was held to be inadmissible. In Blythe v. Richards, 10 S. & R. 261, which was ejectment by a mortgagee who had purchased at the sheriff's sale, the defendant was not permitted to show that the scire facias had not been served, nor that the mortgage money for which judgment had been recovered by default had been paid. In Colley v. Latimer, 5 S. & R. 211, we have the point directly ruled that the validity of a judgment founded upon two nihils to successive scire faciases sur mortgage cannot be impeached in a subsequent ejectment. The offer there was to show that the mortgagor was in possession of the premises when the scire faciases issued, and therefore was entitled to personal service.

But, said this court, if the judgment of the court of common pleas was erroneous it should have been reversed on a writ of error, but, remaining in full force, this court cannot now inquire into any errors which are alleged to exist."

The return of the service of the writ in the present case was regular upon its face, and, until set aside, being deemed conclusive, cannot be contradicted in a collateral proceeding.    As the record shows a regular return of service and a judgment in pursuance of it also regular, the purchaser at the sheriff's sale had a right to assume that the essential averments thus appearing in it were true: Levan v. Millholland, 114 Pa. 49.    This judgment of a competent tribunal, presumably with proper parties before it, with every intendment in favor of its regularity, is valid, and, until reversed or set aside, continues to be so: Wood v. Bayard, 63 Pa. 320.    The fact that in this case the appellant is shown dehors the record to have been a minor at the date of service cannot be a ground for impeaching it collaterally.    The remedy of the appellant was to have it set aside or reversed.

In the case of Andrews v. Andrews, 7 Heiskell, 234, it is said: " It is insisted however that the parties were minors at the time of this proceeding and decree, and this is probably true, but a fact, even that of minority, cannot be shown dehors the record to show the invalidity of a decree or judgment of a court of competent jurisdiction.    The parties had their remedy by direct proceeding by bill filed to set aside the decree or by writ of error, coram nobis, or by bill in the nature of a bill of review, but they cannot in this way, by answer, defeat the effect of the decree."

In Smith v. Bradley, 6 Smedes and Marshall (Miss.) 485, it is said: " But it is insisted that, for the other objections pointed out, the decree was void.    In decrees against infants it is usual and indeed generally necessary that a day should be given after coming of age to show cause against it: 2 Peere Williams, 120 ; 1 Ibid. 504; 2 Vesey, 484.    But how can an infant avoid a decree after coming of age?    Only by showing errors in the decree.    He cannot reinvestigate the subject-matter of the suit, nor can he redeem mortgaged premises which have been sold: Mallock v. Galton, 3 Peere Williams, 352.    But a decree for the sale of mortgaged premises instead of a technical foreclos-

ure, is binding on an infant, although no day be given : 2 Vernon, 429. This was a decree of that kind. It was a decree for the sale of the premises on failure to pay the money. If such decrees be binding on infants it is clear that the failure to appoint a guardian ad litem, and the omission to take a pro confesso, are not such irregularities as will make the decree void. For these reasons the decree probably might have been reversed, but that is not now the question."

Again it is said : " It is not the mere direction of process to the sheriff which gives him power to act ; he derives his power from the law and must act in accordance with its mandate. Being his duty to return process, his returns are to be regarded as made under oath, and are sufficient to justify the court in proceeding to judgment. Whenever service is required to be made in a particular way, if the manner of service is attempted to be set out, it must show that the directions of the law have been complied with. But if a sheriff make his return general, ' executed ' or ' served,' a legal service is understood, that is, that it has been served according to law. This is according to the course of the recent decisions of this court ; and we see no reason why the same rule should not be applied to the returns made at an earlier day in our judicial history. By this rule we must hold this return to be sufficient."

Appellant however contends that the service was void because the act of 1836, in section 83, provides that : " If any defendant in any real action as aforesaid shall be a minor, service of the writ shall be upon his guardian, if he has any, and if he has no guardian then upon the next of kin residing in the county. But in every case in which any such defendant shall not have a guardian as aforesaid it shall be the duty of the plaintiff, upon or after the day on which he might take judgment by default against such minor if he were of full age and before any plea pleaded or rule ever taken in the action, to make application to the court in which such action shall be brought for the appointment of a guardian of such minor in that cause, if such minor shall not have appeared by his guardian as aforesaid, and such appointment being made he shall give notice thereof to the person appointed."

This section applies to real actions only, and in proceedings of partition, such as Swain v. Fidelity Ins. Co., 54 Pa. 455, it

would be without doubt the duty of the parties to proceed in the manner thus directed, but in the same act, in section 36, it is also provided that, "In every case in which a writ of scire facias may by law be issued, it shall be served and returned in the same manner as herein provided in the case of a summons in a personal action; and judgment in default of appearance may be taken at the same time and in the same manner as in the case of a summons aforesaid, unless it be otherwise specially provided;" and in section 2 it is provided that "a writ of summons shall be executed by reading the same in the hearing of the defendant; or by giving notice of its contents and by giving him a true and attested copy thereof; or, if the defendant cannot conveniently be found, by leaving him a copy at his dwelling house in the presence of one or more adult members of his family; or, if the defendant resides in the family of another, with one of the adult members of the family in which he resides." The act thus gives to the proceeding by scire facias the character of a personal action, and, for the purpose of service, stamps it as such. If so, the contention of the appellant, that this action is to be treated under the act as real for the purpose of service, must fail.

Judgment affirmed.