## Philadelphia to use, Appellant *v.* Cooper.

*Municipal claims—Service—Registered owner—City of Philadelphia—Acts of March 29, 1867, P. L. 600, June 10, 1881, P. L. 91, May 16, 1891, P. L. 69, and July 26, 1897, P. L. 420.*

Where a scire facias sur municipal lien is issued in Philadelphia within five years from the time when the claim was filed, and is returned nihil habet without the filing of an affidavit averring that the registered owner is a nonresident or cannot be found, and an alias scire facias is issued more than five years after the claim was filed but within five years from the exit of the first writ, the alias writ is valid and cannot be stricken from the record. In such a case issuance of the original writ and the return of the nihil habet is sufficient to continue the lien for five years from the date of the filing the claim.

Argued Oct. 18, 1904. Appeal, No. 76, Oct. T., 1904, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1895, No. 131, M. L. D., making absolute rule to quash alias sci. fa., and strike off municipal lien in case of City of Philadelphia to use of The Vulcanite Paving Company, Contractor v. Sarah A. Cooper, Owner, etc., William H. Haines, Actual and Registered Owner and Frank Mauran, Present Registered and Real Owner. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to quash alias writ of sci. fa. and strike off lien.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*John K. Andre,* with him *Henry F. Walton,* for appellant.—Municipal liens may be revived by scire facias in the manner provided by law in the case of a judgment : Haddingtom M. E. Church v. Philadelphia, 108 Pa. 466 ; Silverthorn v. Townsend, 37 Pa. 263 ; Lichty v. Hochstetler, 91 Pa. 444 ; Kirby v. Cash, 93 Pa. 505.

*Sharswood Brinton,* for appellee.—Where the scire facias is returned "nihil habet" and there is not of record an affidavit that the registered owner is a nonresident or cannot be found the service of the writ is fatally defective, no valid judg-

ment can be obtained thereon, and if in fact judgment is entered it is not simply voidable but absolutely void: Simons v. Kern, 92 Pa. 455; Ferguson v. Quinn, 123 Pa. 337; Trust Co. v. Fricke, 152 Pa. 231; City of Phila. v. Merz, 16 Pa. Superior Ct. 332.

A writ of scire facias sur claim with a fatally bad service is ineffectual to continue the lien of the claim and amounts to nothing; the record in legal contemplation is precisely the same as if the writ had never been issued at all: City of Phila. v. Ward, 16 W. N. C. 76; City of Phila. v. Scott, 93 Pa. 25.

The loss of the lien is not prevented by any saving statutory provision: Phila. v. Sciple, 12 Pa. Dist. Rep. 582.

OPINION BY ORLADY, J., January 17, 1905:

A municipal improvement claim was filed on August 9, 1895, against Sarah A. Cooper, owner or reputed owner. On July 18, 1900, a suggestion was filed of record that William H. Haines was the registered and real owner, with proof of personal service of a notice on Haines, that the claim had been filed and that Haines had a known residence in the city. On July 18, 1900, a scire facias sur claim was issued against Sarah Cooper and Haines, which was returned by the sheriff, nihil habet. On October 1, 1903, Frank Mauran was suggested of record as the then registered and real owner with proof of service of notice of the claim as filed. The same day an alias scire facias sur claim was issued and returned with a personal service on Haines and Mauran, and nihil habet as to Sarah Cooper. Mauran presented his position to the court setting forth the above facts and obtained a rule to show cause why the alias scire facias should not be quashed and the lien of said claim stricken from the record. After a hearing this rule was made absolute and the plaintiff took this appeal.

The record discloses that when the original writ was issued there was a registered and real owner upon whom no service was made, and that the alias writ was issued more than five years after the claim was filed, but within five years from the exit of the original writ. The validity of the claim and of the alias scire facias depends upon the strict observance of statutory requirements, and the practice in municipal claim cases.

The defense is not a collateral but a direct one by the real owner who defends upon alleged irregularities on the face of the record. The Act of March 29, 1867, P. L. 600, required the registering of real estate in Philadelphia, and provided that no property returned and registered under its provisions should be subject to sale for taxes or municipal claims except in the name of the owner as returned, and "after recovery by suit and service of the writ on him, made as in case of a summons." By the Act of June 10, 1881, P. L. 91, it is provided, that whenever it shall be made to appear, by affidavit filed of record, that after diligent search and inquiry, the registered owners of any real estate, against which any municipal claim has been filed, by or in the name of any city of the first class, are non-residents of such city, or cannot be found therein, it shall and may be lawful for the sheriff to whom any writ of scire·facias for the collection of any such claim is directed, to proceed to make known the same by posting and publishing in the manner specified therein.

Under this act the duty of the sheriff, in the first instance, was to make a personal service, but his return of nihil habet is presumed to be a true one upon the theory that he made an effort to find the defendant and failed. The integrity of the return is not challenged, but it is urged, that, as to the alias scire facias it is a nullity and is equivalent to an abandonment of the writ, because no judgment could be entered upon such a return. The alternative service, by posting and publication, is to be resorted to only when it appears by an affidavit filed that after diligent search and inquiry the registered owner is a non-resident of the city or cannot be found; but the act does not prescribe who shall put upon record the affidavit of non-residence or inability to find the registered owner. All that is necessary is that the return should show a reason why the writ has not been executed. Nihil is an appropriate return to a writ of scire facias; yet that, is but a writ of summons, so far as it relates to the manner of its service, and the authorities show that nihil is a good return to a writ of summons: Sherer v. Easton Bank, 33 Pa. 134.

The plaintiff was the actor in the proceeding, and he had declared of record, that Haines was the registered and resident owner so that the affidavit required by the act could not come

from that source. It is conceded that the original writ was regularly issued and continued the lien of the claim for five years from its date of filing. Is it essential in order to continue the lien of this claim that there should be a personal service, or a service by posting and publishing on the original writ? The mere filing of the affidavit of non-residence is but a step toward making an effective service. The posting and publishing as required by the act is but a substitute for a personal service. The Act of May 4, 1889, P. L. 79, provides that no municipal improvement claim shall remain a lien for a longer period than five years from the date of entry, unless the same be revived and continued by a writ of scire facias within said period, and duly prosecuted to judgment as in the case of judgment liens. This was followed by the Act of May 16, 1891, P. L. 69, which provides, that, the lien should be proceeded upon for collection by writ of scire facias in accordance with the course of the common law. This course of procedure is not changed by the Act of July 26, 1897, P. L. 420, providing that such liens shall be and continue to be and remain liens until fully paid and satisfied, provided, that a writ of scire facias shall be issued to revive and continue the lien within the period of every five years after the lien is filed, according to the practice in municipal claims. The same act specially provides " that failure to prosecute any scire facias to judgment within the five years from the issue thereof shall not invalidate or destroy the said lien." None of the statutes direct how the writ of scire facias shall be served, or what return shall be made to it, further than that the claims shall be prosecuted to judgment as in the case of judgment liens in accordance with the common law. The act of 1897 recognized this practice in municipal claim cases under the acts of 1889 and 1891, but did not change it. The lien of a mechanic or municipal claim being by statute its validity; duration and extent are wholly dependent upon compliance with the statutory provisions. When a claim is properly filed and duly revived, it is the lien of the original claim which is preserved, and not that of an intervening judgment which may have been secured upon it. The specific form of the scire facias for both mechanics' and municipal claims is prescribed by the Act of June 16, 1836, P. L. 695. As stated by Judge CLARK in M. E. Church

v. Philadelphia, 108 Pa. 466, "it is substantially a command to make known to the defendant, that he show cause why the sum demanded should not be levied of the property charged. A scire facias to revive in the ordinary form is properly issued after the judgment is obtained. It appears then that municipal claims are to be ' revived by scire facias in the manner provided by law in the case of mechanics' claims,' and mechanics' claims are to be 'revived by scire facias in the manner provided by law in the case of a judgment.' The method of procedure is thus defined, but although revival is effected in the same form, the lien of the claim before or after judgment thereon, is of a widely different nature from that of an ordinary judgment."

The records in the cases of Simons v. Kern, 92 Pa. 455; City of Phila. v. Scott, 93 Pa. 25; and Phila. v. Merz, 16 Pa. Superior Ct. 332, were distinctly different from the one exhibited in this case; and City of Phila. v. Ward, 16 W. N. C. 76, is not in conflict with the recent decisions. In that case the Supreme Court treated the original writ as invalid, the appearance, and the judgment as having been stricken from the record so that "nothing then remained except the original claim as filed. The scire facias thereafter issued was based on that claim alone;" which having been filed March 1, 1876, would not support a scire facias issued on January 12, 1884. In Ferguson v. Quinn, 123 Pa. 337, the validity of the first return was not questioned; the defect being with the return to the alias. The court said: "The sheriff appears to have done nothing whatever upon the second writ. There is nothing to indicate that he had so much as taken it out of the pigeon-holes in his office, except to return it, "property posted on former writ, and nihil as to the defendant." The property should have been posted on the alias as well as upon the original, and the writ should have been so returned."

The return of nihil habet to two successive writs of scire facias are held to be an equivalent to a return of scire feci: Colley v. Latimer, 5 S. & R. 211; Hartman v. Ogborn, 54 Pa. 120; Taylor v. Young, 71 Pa. 81; Tryon v. Munson, 77 Pa. 250; Kennedy v. Baker, 159 Pa. 146. All the statutes are silent as to when the writ must be served, and it is not necessary that the writ of scire facias be served, nor in case an

alias or pluries be issued that either be served.   The mere issuing of the scire facias within five years after the rendition of the judgment continues the lien for the period of five years : Meinweiser v. Hains, 110 Pa. 468 ; Howes Bros. v. Dolan, 9 Pa. Superior Ct. 586 ; Specht v. Sipe, 15 Pa. Superior Ct. 207.

It was held in Lichty v. Hochstetler, 91 Pa. 444, that when a scire facias issued to revive a judgment within five years from the entry of the judgment, the lien thereof continues for five years from the issue of the scire facias, although no service was had on either the defendant or terre tenant.   An alias scire facias may be served on the terre tenant and the judgment revived against him at any time within five years from the date of the issue of the first scire facias, and followed in Kirby v. Cash, 93 Pa. 505.   The defendant is sufficiently connected with the original when he is named in the alias or the return to it, because the alias is a continuance of the original process, it stands in the place of its predecessor, and fulfills every purpose intended to be accomplished by it: Lynn v. McMillen, 3 P. & W. 170 ; Davidson v. Thornton, 7 Pa. 128 ; Insurance Co. v. Haws, 20 W. N. C. 370.   In Wistar v. Philadelphia, 86 Pa. 215, the Supreme Court declined to hold that it would be erroneous to enter a judgment upon a return of nihil even where the defendant had a known residence in the city.   Although the service of a summons is irregular, and the return defective, it furnishes no reason for quashing the writ: Street v. Kerin, 4 Knep. 290 ; Bennethum v. Bowers, 133 Pa. 332.

Had the claim filed in this case been an ordinary judgment, the scire facias, and the alias scire facias would have preserved its lien, the statutes governing the filing and collecting of such claims give to such writs the same effect as in the case of a judgment in accordance with the course of procedure under the statutes.

The judgment of the court below is reversed, the alias scire facias and writ are reinstated, and the record remitted with a procedendo.

RICE, P. J., dissents.