## Northeast Boulevard B. & L. Assn. v. Haines et al.

*C. E. Blackburn*, for plaintiff.
*Benn Davis*, for defendants.

SMITH, P. J., January 11, 1936.—This matter comes before us on a petition filed by the defendant with a rule on the plaintiff to show cause why service on Ellen Haines, mortgagor, should not be set aside and judgment against her vacated.

This petition was filed by John Burke, the real owner

and also the executor of the estate of Ellen Haines. Plaintiff issued a writ of scire facias sur mortgage against the said real owner and against the mortgagor, who at the time of the issuance of the writ was dead. Plaintiff entered judgment for want of an appearance against the mortgagor on one return of nihil habet, the record having shown an appearance and affidavit of defense filed only by the real owner. It is the contention of the defendant that the plaintiff knew that the mortgagor was dead and that no service was ever made upon her. The sole question before us is whether a return of service of nihil habet on a scire facias sur mortgage against a deceased mortgagor is a proper one.

It seems well settled in this Commonwealth that two returns of nihil habet after successive writs of scire facias sur mortgage are equivalent to scire feci. This is so whether the mortgagor is dead or living. The Act of 1705, 1 Sm. L. 57, regulating the procedure for the foreclosing of mortgages, gives the scire facias as the proper writ for that purpose.

In Taylor v. Young, 71 Pa. 81, Thompson, C. J., said, at pages 85 and 86:

"The Act of 1705, which regulates proceedings to foreclose mortgages, gives the scire facias as the appropriate writ for the purpose, and the practice since the passage of the act, one hundred and sixty-seven years ago, has made it effective by two returns of nihil when there could be no personal service on the mortgagor. Judgments had thereon, consequently are and always have been, conclusive of the life of the mortgagor at the time of the returns, so that the contrary is not permitted to be averred as against the judgment. It may be granted that this is a fiction, but *in fictione juris aequitas existit*. This presumption was necessary in order to give entire efficiency to the Act of 1705.

"It was designed as a remedy against the mortgaged property equally in cases of inability to pay, or of neglect, or death. Of course the proceedings being substantially

*in rem*, it became necessary to give the process which in form is *in personam*, the effect of a personal service. This was a fiction to be sure, but necessary, as just said, to give full effect to the Act of 1705. It was a remedial statute and to be construed and executed so as to remedy the evil calling for its passage.

"In the case in hand, no difficulty exists about the entire soundness of the judgment, notwithstanding the death of the mortgagor suggested on record: Warder *v.* Tainter, *supra*. The two nihils overrule the effect of that. The judgment given was, therefore, as legal and valid, as if it had been obtained on personal service."

This opinion was later affirmed in the case of Philadelphia, to use, v. Cooper, 27 Pa. Superior Ct. 552, where Orlady, J., said, at pages 556-557:

"The return of nihil habet to two successive writs of scire facias are held to be an equivalent to a return of scire feci: Colley v. Latimer, 5 S. & R. 211; Hartman v. Ogborn, 54 Pa. 120; Taylor v. Young, 71 Pa. 81; Tryon v. Munson, 77 Pa. 250; Kennedy v. Baker, 159 Pa. 146. All the statutes are silent as to when the writ must be served, and it is not necessary that the writ of scire facias be served, nor in case an alias or pluries be issued that either be served."

In Davis v. Boggs, 34 Pa. C. C. 285, Thomas, P. J., of Crawford County, said, at page 286:

"As held in Taylor *v.* Young, 71 Pa. 81, where the death of the mortgagor was brought onto the record by suggestion prior to the entering of judgment, and when there had been two returns of nihil, the two nihils overrule the effect of said suggestion and amount to a return of scire feci. We know of no reason why the sheriff's return may not contradict the affidavit of the mortgagee, and the return is what is binding upon us, so far as its paving the way for a judgment is concerned.

"It was not necessary that the widow and heirs be made parties, and the judgment on two returns of nihil is proper."

In Lawrence v. Smith, 215 Pa. 534, Mr. Chief Justice Mitchell said, at pages 537 and 538:

"Appellant argues that a judgment on two returns of nihil habet to writs of scire facias on mortgage is a valid judgment although the defendant was dead at the time of issue of the writs and never was in actual default. Hence it is argued a fortiori that when the defendant was alive and actually served but refused or neglected to appear he was not only technically but in fact in much greater default than in the other case. Perhaps logically it would not be easy to refute this proposition, though whether if the cases were res nova the result would be to hold both judgments good or both voidable is not beyond debate. But the answer is that the judgment on two nihils whether strictly logical or not rests on long continued practice under the statute: Warder v. Tainter, 4 Watts, 270 (274), and is too well settled to be now questioned."

Thus, while the form is in personam the action really is in rem. It has been established by many opinions following the Act of 1705, supra, that such a service is good and judgment may not be disturbed, even though the mortgagor was dead at the time of the issuance of the writ.

The Act of 1705 has been amended by the Act of April 24, 1931, P. L. 56, in several details. Section 3 of the Act of 1931, supra, provides, with regard to the service of the writ, as follows:

"Provided, however, That nothing herein contained shall in any wise alter or affect the practice and manner of service upon the original covenantor, provided by the first section of the act, approvel April eighth, one thousand eight hundred and forty, nor shall anything herein contained in any wise alter or affect the ancient practice of service upon the original mortgagor by two returns of nihil habet, except that hereafter one return of said writ shall have the same force and effect, as to service, as two returns heretofore."

From an examination of the docket it would appear

that the service of the writ and the returns thereon are in accord with the provisions of the act of assembly. As was said in Taylor v. Young, supra, the Act of 1705 is designed as a remedy against the mortgaged property equally in cases of inability to pay, or of neglect, or death.

The judgment in this case is therefore as valid as though it had been had by a personal service.

### Decree

And now, to wit, January 11, 1936, it is hereby ordered, adjudged, and decreed that the rule on plaintiff to show cause why service on Ellen Haines, mortgagor, should not be set aside, and judgment against Ellen Haines, mortgagor, should not be vacated, is hereby discharged.