## Andreas v. Paul, Admx., et al.

*Alfred K. Hettinger*, for plaintiff.
*Snyder, Wert & Wilcox*, for defendant surety company.

34

HENNINGER, J., May 24, 1937.—This action was instituted by præcipe for summons in assumpsit against the above-named parties with direction to the prothonotary to index the action in the judgment index. No attempt was made to serve Alma Zehner Paul personally, but the writ was served by the Sheriff of Dauphin County, deputized by the Sheriff of Lehigh County, upon the Insurance Commissioner of Pennsylvania. Neither the deputization nor the return makes reference to the residence of Alma Zehner Paul nor to the service of the summons upon her. Defendant Maryland Casualty Company entered a special appearance and moved to have the service set aside.

We could take the technical stand that the præcipe and summons upon their face indicate a joint action against Alma Zehner Paul and the Maryland Casualty Company and that there is good service upon Maryland Casualty Company but none whatever upon Alma Zehner Paul. This, however, would serve no useful purpose, as it is admitted that the name of Maryland Casualty Company, surety upon Alma Zehner Paul's bond as administratrix, was added merely as a means of obtaining service upon a nonresident fiduciary. The service acts provide how service of a summons shall be made, and service upon a surety is not one of those methods. Service upon a surety is provided for by section 37 of the Fiduciaries Act of June 7, 1917, P. L. 447. A condition precedent to such service, however, is that the fiduciary "shall not reside within the county the orphans' court of which has jurisdiction of their accounts".

A return of service must affirmatively state all of the facts requisite to render it a legal service upon the party sought to be served: Philadelphia, to use, v. Cooper, 212 Pa. 306, and 27 Pa. Superior Ct. 552; Rogers v. Metropolitan Life Ins. Co., 99 Pa. Superior Ct. 505. This return is fatally defective in at least these respects: (1) It nowhere states that it was intended to obtain service upon Alma Zehner Paul; (2) if so, there is no allegation that

she resides outside of the county, making service upon her surety permissible. We are bound, therefore, to set aside the service of the writ.

We do not decide whether the return is amendable or whether such service would obtain jurisdiction over Alma Zehner Paul as heir at law. As it stands, it would only be good against Maryland Casualty Company in its own right, and plaintiff has not caused the process to issue for that purpose.

Now, May 24, 1937, defendants' rule to set aside the return of service of the summons in the above-entitled action is made absolute, and it is ordered and decreed that said return of service be set aside at the costs of plaintiff.