## Schlosser's Appeal.

58    493
181    107

1. The cases which permit married women to bind their separate property are exceptions to a general rule of sound policy, and should be strictly confined within the limits prescribed.

2. A rule of law preventing the recovery of a just debt by an honest creditor, must be submitted to in particular instances for the sake of the greater good of adhering to settled principles, especially to sustain the policy of protecting one whose condition is that of weakness and subjection to the will of another.

3. Hutton conveyed land to Schlosser, a married woman *at the time* of the conveyance. Sollenberger held a lien on the land. It was agreed that as part of the consideration Sollenberger should take Schlosser's judgment-note for his lien, and enter satisfaction on Hutton's judgment. All was so done, and judgment on Schlosser's note and the satisfaction entered, and the auditor found that the conveyance, the new judgment and entering satisfaction "were one and the same transaction." *Held*, that the judgment against Schlosser was invalid, as being a new contract of a married woman.

May 12th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., absent.

Appeal from the Court of Common Pleas of *Franklin county*: No. 80, to May Term 1868.

The appeal in this case was by John Schlosser and Emeline M. Schlosser his wife, and Levi K. Hummelshine, from the decree of distribution of the proceeds of the sheriff's sale of the real estate of Sarah C. Schlosser and said Emeline M. Schlosser.

On the 12th of April 1866 Sarah C. Schlosser and Emeline M. Schlosser, both married women, bought of Jacob Hutton a lot of land in Chambersburg for $2600. At the time of the sale there were on the lot a lien in favor of Frederick Smith's executors for $1500, and one in favor of Daniel Sollenberger for $600. The terms of sale were, that the lot was to be conveyed subject to Smith's lien. Sollenberger was to take from the purchasers a judgment for $600, and satisfy his judgment against Hutton, and

the remainder of the purchase-money was to be paid to Hutton. The purchasers gave their judgment-note to Sollenberger, who immediately entered judgment on it and satisfied the judgment which he held against Hutton. All.these things took place at the time of the conveyance, and with it were one transaction.

Subsequently other liens for the improvement of the lot were entered against the two Schlossers, and also a mortgage in favor of Levi K. Hummelshine against the undivided interest of Emeline.

The distribution was reported by W. S. Stenger, Esq., auditor. He disallowed the judgment of Sollenberger on.the ground that the defendants, as married women, were incompetent to bind themselves by the note on which judgment was entered. As it appeared that the improvements had been paid for by the defend-ants in unequal proportions, the auditor reported that after pay-ment of the liens and expenses, there were payable to Sarah C. Schlosser $870.48, and to Emeline M. Schlosser $562.67. He appropriated to Sollenberger $636.70 out of the sum payable to Sarah, she not having objected to the validity of his judgment. Of Emeline's share he appropriated $511.75 to Hummelshine, being the amount due on his mortgage against her.

On exceptions the report of the auditor was set aside by the Court of Common Pleas, who held that the judgment against the defendants in favor of Sollenberger was valid, and the lien of Sollenberger should be taken from the joint fund. Under this decision the sum coming to Sarah was $491.66, which was appro-priated to her individual lien-creditors, and the sum coming to Emeline $317.79, which was appropriated towards Hummelshine's mortgage, leaving a balance still due to him.

Emeline M. Schlosser and Levi K. Hummelshine appealed, and assigned the decree of the court for error.

*J. McD. Sharpe*, for appellants, cited Patterson *v.* Robinson, 1 Casey 81; Ramborger *v.* Ingraham, 2 Wright 146; Cowton *v.* Wickersham, 4 P. F. Smith 302; Dorrance *v.* Scott, 3 Whart. 309; Glyde *v.* Keister, 8 Casey 85; Caldwell *v.* Walters, 6 Harris 82; Keiper *v.* Helfricker, 6 Wright 325; Steinman *v.* Ewing, 7 Id. 63.

*J. H. McCauley* and *F. M. Kimmel*, for appellees, cited 1 Roll. Abr. 421; 2 Cruise's Dig. 35; Patterson *v.* Robinson, 1 Casey 81; Ramborger *v.* Ingraham, 2 Wright 147.

The opinion of the court was delivered, May 20th 1868, by

SHARSWOOD, J.—In this case two married women purchased some real estate, upon which there was at the time a subsisting lien by a judgment in favor of Sollenberger against Hutton, the vendor. Sollenberger took from them their judgment-note for the amount and entered satisfaction on his judgment against Hut-

ton. In other words, he loaned them the money to pay off the existing encumbrance, and took a new security. It was a clear case of novation: the substitution of a new debt for the old one, which was extinguished and gone. Hutton's personal liability as debtor was entirely discharged. We have then simply the case of a judgment-bond by a married woman, which, according to all the authorities, is absolutely void: Dorrance *v.* Scott, 3 Whart. 309; Caldwell *v.* Walters, 6 Harris 82; Keiper *v.* Helfricker, 6 Wright 325; Steinman *v.* Ewing, 7 Id. 63.

Nor can it be considered as given for the purchase-money of the property so as to bring it within Patterson *v.* Robinson, 1 Casey 81, and Ramborger's Adm'rs. *v.* Ingraham, 2 Wright 147. In both of these cases the decision rests on the ground that the security was given to the vendor, and was a condition of the contract of sale. Such would have been the fact here had Hutton paid Sollenberger's judgment and taken a new one from his grantees; or he might have assigned such judgment to Sollenberger in payment. Hence arises the argument much pressed here, and which carried the court below, that the difference is one merely of form, not substance. But those cases which permit married women to bind their separate property, are exceptions to a general rule of sound policy, and ought to be strictly confined within the limits prescribed. If we begin to reason upon the abstract justice of making the property of a married woman answerable for her honest bonâ fide debts, for which she has received the full consideration, the exceptions will soon eat out the rule itself. If a married woman borrows money from a friend for the very purpose of buying a house with it, and gives him a judgment-note to secure the repayment of it, there is but a slight shade of difference between that case and this, and that only a difference in form, not in substance. We may advance a step further, and ask what substantial difference between that and a loan to a married woman to set her up in some business, to purchase the stock of a store, and thus enable her to gain for herself and her children the necessaries of life? There is hardship in denying payment of a just debt to any honest creditor wherever a rule of law prevents his recovery. It must be submitted to in particular instances for the sake of the greater good of adhering to settled principles, and more especially when those principles sustain the policy of protecting one whose condition is that of weakness and subjection to the will of another. In good morals and honesty no doubt the property of a married woman, if she has any, ought to respond for her honest engagements. In *foro conscientiæ*, judgment must be rendered against her. One of these ladies has gracefully bowed to the decision of that tribunal, and taken no appeal. She seems, indeed, to be the only sufferer by this decision; Sollenberger's judgment being to be paid in full from the proceeds of

her share.   Her reward will be the consciousness of having acted justly.

Decree reversed : the second report of the auditor confirmed, and distribution awarded to be made according to that report.   Each party to pay their own costs of this appeal.