## Citizens Building & Loan Association, Appellant, *v.* Arvin.

*Mortgage—Purchase money mortgage—Sale for cash—Infant.*

Where a vendor of real estate gives a deed to the property to his agent, and directs him to deliver the deed only upon the receipt of cash, and the cash is paid to the agent by a building and loan association which has agreed to take a mortgage upon the property from the vendee for the money loaned to him to pay for the property, and the deed is delivered to the vendee at the same time that the mortgage is delivered by the vendee to the building and loan association, the latter cannot subsequently claim that the mortgage which it received was a purchase money mortgage.   Such a transaction involves nothing else than the borrowing of money by the vendee upon his own account from the building and loan

association to pay for the property which he had purchased from another party. If the vendee was a minor at the time of the transaction, he may disavow the mortgage.

Argued Oct. 13, 1903. Appeal, No. 31, Oct. T., 1903, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1901, No. 393, striking off judgment in case of Citizens Building and Loan Association of Mt. Pleasant v. Lloyd S. Arvin and Ida Arvin. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to strike off judgment. Before McCONNELL, J.

From the record it appeared that S. F. Todd and A. R. Bossler agreed through their agent, Thomas F. Diskin, to sell real estate to Lloyd S. Arvin for $1,950. The deed for the property was placed in Mr. Diskin's hands with instructions to deliver it when the cash was paid. Mr. Diskin acting for Arvin, who was a minor at the time, secured the Citizens Building and Loan Association to make a loan upon the property for $2,000 secured by the mortgage on the land which Arvin was purchasing. The deed to Arvin and the mortgage from him were executed at the same time, and the proceeds of the loan after the payment of a prior mortgage were sent through Diskin to Todd and Bossler. Subsequently a sci. fa. was issued on the mortgage and judgment was entered by default. Thereafter the defendant took a rule to open the judgment on the ground that he was a minor at the time of the execution of the mortgage.

The court in an opinion by McCONNELL, J., while recognizing the principle that " where an infant executes a purchase money mortgage to secure the purchase money for land conveyed to him by deed, he cannot after he comes of age affirm the deed, and at the same time disaffirm the mortgage," held, that the mortgage in question was not a purchase money mortgage and was therefore voidable. The court made absolute the rule to strike off the judgment.

*Error assigned* was the order of the court.

*Albert H. Bell*, with him *Eugene Warden*, for appellant. cited : Albright v. Lafayette Bldg. & Savings Assn., 102 Pa. 416.

*C. E. Whitten*, with him *J. R. Smith*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1904 :

The appellant in this case seeks to have a mortgage given to it by L. S. Arvin, a minor, declared to be a purchase money mortgage. The fact of the minority of the defendant is not disputed. We have looked in vain through the evidence to find any basis upon which to rest the claim, that the mortgage in question was at the time of its execution, intended by any of the parties in interest, to stand as security for any part of the unpaid purchase money. The former owners of the property made the sale for cash. There was no understanding with them as to the giving of any mortgage, nor did they have any knowledge that their vendee was executing a mortgage to any one. So far as they were concerned, there was no mortgage, as they demanded and received cash upon the delivery of the deed. The vendee made an application for a loan upon the property, which was accepted by the plaintiff, a building and loan association, and, in so far as the evidence shows, was made in the usual way, without any thought of the mortgage being given for purchase money. In fact, no suspicion of the minority of the defendant seems to have been entertained, as the application was made in writing, and through a third party, and none of the officers of the loan association ever saw the borrower in person. The agent who procured the loan, was also the agent for the former owners, and made the sale. Both transactions were closed at the same time, and the deed was delivered to the vendee and the mortgage executed by him, as a borrower from the building and loan association at substantially the same time and place. But there is nothing in this case to show that the vendee was doing anything else than borrowing money upon his own account from the loan association, to pay for property which he had purchased from another party. If this was the fact, then the money so borrowed belonged to the borrower, to apply as he pleased; and the mortgage given to secure its repayment would not be a purchase money mortgage.

As the learned judge of the court below well said, in speaking of the essentials of a purchase money mortgage : " It (the mortgage) may by the terms of the contract not be made pay-

able to the vendor, but the parties to the contract must have made it the motive for the conveyance by the vendor. The vendor and the vendee alone have the power to stamp the debt with its character of purchase money. Some third party cannot by himself, or in conjunction with only one of the parties to a contract of purchase and sale, stamp a liability as one for purchase money, which in fact was not made so by the joint action of both parties to the contract of purchase and sale."

Under the facts of this case, the claim of the plaintiff to be substituted to such rights as the vendors might have exercised, had they been in the situation which it occupied, cannot be sustained.

The assignments of error are overruled, and the judgment is affirmed.