## Oransky et ux. v. Stepanavich.

*B. J. Duffy,* for plaintiffs; *A. D. Knittle* and *Geo. M. Gerber,* for defendant.

HOUCK, J., Dec. 23, 1929.—This is a rule to show cause why judgment should not be entered on the pleadings against the plaintiffs and in favor of the defendant. In the plaintiffs' declaration it is alleged that the defendant

is in possession of certain real estate to which the plaintiffs are entitled, and the plaintiffs seek to recover possession of the premises, together with mesne profits from Feb. 9, 1929. The plaintiffs' abstract of title sets forth two conveyances: the first, a deed dated Feb. 7, 1924, from Max Plocinak and Mary Plocinak, his wife, to Peter Stepanavich, including the premises here in dispute; and the second, a deed dated Dec. 16, 1924, from Peter Stepanavich and Anna Stepanavich, his wife, to Gordon Oransky and Anna Oransky, his wife, for the premises which are the subject of this action. The defendant entered a plea of not guilty and filed an answer, in the nature of a special plea, claiming title by virtue of sheriff's deed dated Jan. 22, 1929. It appears from the answer that the sheriff's sale was based upon a *fieri facias* issued on a judgment of the First National Bank of Coaldale *v.* Gordon Oransky, Anna Oransky and Peter Stepanavich, No. 714, July Term, 1927. The answer sets forth in detail the events leading up to the entry of that judgment and to the sheriff's sale, and refers to the pleadings in certain proceedings on the judgment in which Anna Oransky sought to have the judgment opened as to her on the ground that she was a minor when she signed the note on which judgment was entered. It is sufficient for the purposes of this rule, without reciting the respective contentions of the parties as they appear from the pleadings, to state that the pleadings necessarily aver facts. The defendant, taking the position that every fact averred in his answer can be established by record proof, obtained this rule for judgment in his favor on the pleadings.

In an action of ejectment, the only pleadings are the plaintiff's declaration and abstract of title, and the defendant's plea of not guilty, his answer in the nature of a special plea, and the abstract of title by which he claims. The plaintiffs' pleadings make no mention of the sheriff's deed relied upon by the defendant. Therefore, to enter judgment on the pleadings in favor of the defendant, we would have to assume that the defendant could prove this deed and the judgment on which it is based in due form. We would also be obliged to assume that the defendant could establish by incontrovertible proof all the other facts alleged in the answer. We do not see how this can be done. The legal questions involved in this case present a complicated situation, and, in our opinion, their determination should not be attempted until the relevant facts have been established by proper proof. It may be gathered from the defendant's answer that he conveyed the premises in question to Gordon Oransky and Anna Oransky, his wife; that part of the money to pay for the property was borrowed from the First National Bank of Coaldale, secured by a judgment note signed by the two Oranskys and the defendant; that this note was later renewed, Oransky and his wife signing the renewal note as makers and the defendant as endorser guaranteeing payment; that judgment was entered on this renewal note and execution issued against the makers; that Anna Oransky then filed a petition to open the judgment as to her on the ground that she was a minor when she signed the note; that the court required her to affirm or disaffirm the note, whereupon she disaffirmed it, and her name was then stricken off as a defendant in the judgment; that Stepanavich, the defendant, then paid the amount of the note to the First National Bank of Coaldale, which assigned the judgment to him; and that he issued execution on the judgment against Gordon Oransky alone, the sheriff selling the property to the defendant on this execution.

It may be very material for a proper determination of the case to know all the facts surrounding the execution of the original note, because the rule to be applied may depend entirely upon whether the note was a purchase-money note or simply a loan by the bank to Oransky and his wife: See Common-

594

wealth Title Insurance and Trust Co. *v.* Ellis, 192 Pa. 321; Kennedy *v.* Baker et al., 159 Pa. 146; Citizens Building and Loan Ass'n *v.* Arvin, 207 Pa. 293, and Schlosser's Appeal, 58 Pa. 493. As we have already indicated, the facts must first be established before the legal questions can be answered. The necessary facts are not established by the pleadings, and, consequently, in the present state of the record, the case is not in position for the entry of judgment for either party on the pleadings. The case must be tried in order that the facts may be developed.

And now, Dec. 23, 1929, the rule to show cause why judgment should not be entered on the pleadings against the plaintiffs and in favor of the defendant is discharged.

From M. M. Burke, Shenandoah, Pa.