## Heil *versus* The Girard Bank.

Where the draft of an individual was discounted by a bank, and the proceeds placed to the credit of a firm, it is no defence for the drawer, that the bank had failed without paying over the proceeds to the firm for whom it was discounted.

ERROR to the Common Pleas of *Schuylkill county*.

This was an action of *assumpsit* by The Girard Bank against Henry Heil, upon a draft, or bill of exchange, drawn by the defendant upon Henry K. Strong, of Philadelphia, for $1500, dated Tremont, November 1st, 1856, payable to the order of the defendant, at three months, accepted by Strong, endorsed by the defendant, and discounted by the Lancaster Bank for the firm of Heil & Hammer.

Two other actions were brought, at the same time, by The Girard Bank, upon similar drafts, against the firm of Heil & Hammer. And the defendant, Henry Heil, put in the following affidavit of defence to the three actions :—

" Henry Heil, one of the defendants in the first two actions above named, and the sole defendant in the last named action, maketh oath, and saith that there is a just and legal defence to make to the payment of $2366.16 of the amount claimed in the above three actions upon the following grounds, to wit :—The said drafts, although one is in the name of *Henry Heil, were in fact* the property of Heil & Hammer. That the said three drafts were placed in the Lancaster Bank, at the city of Lancaster, for discount, a few days before the failure of that institution, and before any notice to the defendants of the failing condition of that bank. That the amount of the said drafts were passed *to the credit of* Heil & Hammer in that institution, and the amount drawn out by them, with the exception of the said sum of $2366.16, and which remains unpaid to them by that bank. That the said defendants have reason to believe, and do believe, that the said drafts in question, and upon which these suits . are instituted, were not passed to the Girard Bank until after the failure of the Lancaster Bank was fully known to the Girard Bank, and with a full knowledge of the officers of the Girard Bank receiving them, that the whole amount had not been paid to Heil & Hammer. And this deponent further states that he has reasons to believe, and does

[Heil *v.* The Girard Bank.]

believe, that the said drafts were not passed by the Lancaster Bank to the Girard Bank, in the regular course of business, but only as collateral security for advances previously made to the Lancaster Bank; and that it was not intended by the Lancaster Bank to convey to the Girard Bank any greater amount than that due on the said drafts."

The court below entered judgment in favour of the plaintiffs for want of a sufficient affidavit of defence; which was here assigned for error.

*Bannan,* for the plaintiff in error, cited Burkhart *v.* Parker, 6 *W. & S.* 482; Hugg *v.* Scott, 6 *Wh.* 274; Irons *v.* Miller, 7 *Watts* 562; McLaughlin *v.* Diamond, 1 *Tr. & H. Pract.* 336; Kirkpatrick *v.* Muirhead, 4 *Harris* 117.

*Cumming* and *B. H. Brewster,* for the defendants in error.— Appleton *v.* Donaldson, 3 *Barr* 388; Lord *v.* Ocean Bank, 8 *Harris* 384; McLaughlin *v.* Diamond, 2 *Wh. Dig.* 495, pl. 281; McClure *v.* Bingham, *Id.* 495, pl. 284.

The opinion of the court was delivered by

STRONG, J.—Assuming that the affidavit of defence is sufficiently positive in its averments, it presents the following case: The holder of a draft, drawn and endorsed by Henry Heil, and discounted for him by the Lancaster Bank, obtained it from the bank as collateral security for the payment of a pre-existing debt, with knowledge at the time that the bank had failed. The proceeds of the draft, with those of other paper discounted at the same time, had been placed to the credit of a certain Heil & Hammer in that institution, and remain undrawn. Does this, without more, constitute a defence to a suit by the holder against the drawer, after the draft has been dishonoured and notice of dishonour given? Certainly the holder is in no worse condition than that of the party from which the draft was taken. When it was discounted the Lancaster Bank parted with its money, and Heil & Hammer obtained a new credit for it. When not paid at maturity, the bank could not have applied Heil & Hammer's money to its payment, nor refuse to pay their checks. There was, therefore, no want or failure of consideration between the bank and Henry Heil, nor does the affidavit show any right to defalcation. It does not aver that Henry Heil was a member of the firm of Heil & Hammer; and, even if he was, it is not asserted that his co-partners assented to his use of a debt due them as a protection against his individual liability, without which assent it clearly could not have been used as a set-off. Upon his own showing, then, the plaintiff in error had no defence against the Lancaster

[Heil *v.* The Girard Bank.]

Bank, and surely no more against the bank's endorsee. The judgment was therefore rightfully rendered *non obstante juramento*.

The judgment is affirmed.