## Bookmyer *v.* Davies, Appellant.

*Promissory note—Defense—Illegal rebate—Act of July 12, 1913, P. L. 745—Insurance.*

Where the payee of a noninterest bearing promissory note endorses the instrument, at its face value before maturity, to an insurance broker in part payment of insurance premiums, the maker, in an action on the note by the broker, cannot defend on the ground that the transfer of the note in the premises was a rebate in violation of the Act of July 12, 1913, P. L. 745.

In an action on a negotiable instrument, the defendant has no concern in the question of actual ownership, except where the defense turns upon points involving the personal conduct of the true owner, or those who preceded him. That is to say, the ownership is only important if the case involves equitable defenses as between the maker and payee. The maker of a note cannot rely on defenses personal to the endorser.

Argued Nov. 13, 1917. Appeal, No. 288, Oct. T., 1917, by defendant, from judgment of Municipal Court, Phil-

240, (1918).] Statement of Facts—Opinion of the Court.
adelphia Co., May T., 1917, No. 343, making absolute rule for judgment for want of a sufficient answer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a promissory note.

*Error assigned* was order making absolute rule for judgment for want of a sufficient answer.

*B. I. DeYoung,* for appellant, cited: Ellis v. Anderson, 49 Pa. Superior Ct. 245; Holt v. Green, 73 Pa. 198; Johnson v. Hulings, 103 Pa. 498; Unger v. Boas, 13 Pa. 600; Comly v. Hillegass, 94 Pa. 132; Martin v. Hess, 23 Dist. Rep. 195.

*J. Frank Staley,* with him *Lewis, Adler & Laws,* for appellee, cited: Farmers & Breeders, Etc., Ins. Co. v. Derr, 59 Pa. Superior Ct. 600; Ætna Life Ins. Co. v. Clark, 62 Pa. Superior Ct. 528.

OPINION BY WILLIAMS, J., March 2, 1918:

Plaintiff declared on the following note: "Philadelphia, Nov. 15, 1916. Three months after date I promise to pay to the order of John T. Bailey Company Three Hundred and sixty and 00/100 Dollars. Payable at 411 Walnut St., Philada. with out defalcation. Value received. (sgd.) Herbert Davies. (Endorsed) John T. Bailey Co., Walter A. Bailey, Treas. Beidler & Bookmyer."

Defendant's supplemental answer set up, inter alia, that: plaintiff was an insurance broker; defendant up to November 15, 1916, had placed insurance for the John T. Bailey Company; he gave the note to that company to pay the balance due on a loss he should have covered; the note was without interest and not due until February 15, 1917; "the said Edwin A. Bookmyer, as an inducement and rebate, offered to accept the said Davies'

note upon which suit was brought for its full face value ......without interest and before maturity, if...... John T. Bailey Company would place certain fire insurance with him, the said Edwin A. Bookmyer"; the Bailey company accepted the offer and were "allowed...... $360 for the said note on account of insurance premiums due by the said John T. Bailey Company to the said Edwin A. Bookmyer"; "the acceptance of the said note by the said Bookmyer at its face value before maturity, without interest, was a rebate, and as such a violation of the Act of July 12, 1913, P. L. 745; and the note was void and of no legal effect."

Plaintiff's motion for judgment for want of a sufficient answer was granted.

There was nothing alleged in the answer relating to the transaction between the Bailey company and plaintiff which would have been competent evidence at the trial. In Brown v. Clark, 14 Pa. 469, BELL, J., says (479) : "A slight examination of authority shows it to be an established rule that, in an action on a negotiable instrument, the defendant has no concern in the question of actual ownership, except where the defense turns upon points involving the personal conduct of the true owner, or those who preceded him." That is to say, the ownership is only important if the case involves equitable defenses as between the maker and payee: Heil v. Girard Bank, 30 Pa. 136. The maker of a note cannot rely on defenses personal to the endorser: Gamel v. Hynds, 34 Okla. 388. The effect of the transfer was a matter between the endorser and endorsee, and in this suit had no relevancy. The note was valid as between the maker and payee, and this was sufficient to settle the liability of the maker to an endorsee. Plaintiff was not a party to any illegality affecting the instrument and had all the rights of the payee in the premises: Sec. 58, Act of May 16, 1901, P. L. 194, at page 202.

The appeal is dismissed.