J-S52044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK NA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY PALUMBO AND LISA | : | |
| PALUMBO, | : | |
| | : | No. 2887 EDA 2015 |
| Appellants | | |

Appeal from the Judgment Entered August 28, 2015
in the Court of Common Pleas of Delaware County
Civil Division at No(s): 2012-001389

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 14, 2016**

Gregory and Lisa Palumbo (the Palumbos, collectively) appeal from the August 28, 2014 order that granted summary judgment against them and on behalf of Appellee JP Morgan Chase Bank NA (JP Morgan). Also before us are motions to strike portions of the Palumbos' reproduced record and to file an amended brief filed by JP Morgan, as well as two motions to amend filed by the Palumbos. We deny all four motions and affirm the judgment.

JP Morgan filed a mortgage foreclosure action against the Palumbos in 2012. The case was consolidated with a quiet title and conversion action filed by the Palumbos. JP Morgan moved for summary judgment in 2015 in the foreclosure action; by order of August 28, 2015, the trial court granted the motion and entered judgment. The trial court then unconsolidated the

---

*Retired Senior Judge assigned to the Superior Court.

actions. This timely-filed appeal followed. Both the Palumbos and the trial court complied with Pa.R.A.P. 1925.

Addressing first the motions filed in this Court, it is axiomatic that this Court will not consider documents that are not included in the certified record. *See*, *e.g.*, *Roth Cash Register Co. v. Micro Sys., Inc.*, 868 A.2d 1222, 1223 (Pa. 2005) ("[T]his Court will only consider documents which are part of the certified record."). Accordingly, JP Morgan's motion to strike non-record documents the Palumbos included in their reproduced record is denied as moot. Also, as our consideration of Appellee's arguments has not been hampered by the absence of citations to a reproduced record, we deny JP Morgan's motion to file a new, definitive brief. Further, this Court has overlooked the grammatical and typographical errors in the Palumbos' reply brief; thus, their motions to file an amended reply brief to address those stylistic errors are also denied as moot.

Turning to the substance of the appeal, the Palumbos state ten verbose and repetitious questions for this Court's review. *See* Palumbos' Brief at 9-11. The questions boil down to the following issues: (1) whether it was error to hold that JP Morgan was entitled to judgment as a matter of law; (2) whether JP Morgan has standing as the real party in interest to pursue foreclosure; (3) whether JP Morgan's complaint is verified properly; (4) whether the Palumbos were denied a meaningful opportunity to conduct

discovery; and (5) whether the proper notice was given by JP Morgan prior to pursuing its complaint.[1]

"Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." **Hovis v. Sunoco, Inc.**, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting **Cassel–Hess v. Hoffer**, 44 A.3d 80, 84–85 (Pa. Super. 2012)).

Following a thorough review of the certified record, the briefs for the parties, and the relevant law, we conclude that the opinion of the Honorable Spiros E. Angelos thoroughly addresses Appellant's issues and arguments and applies the correct law to findings of fact that are supported by the record. Therefore, we adopt the trial court's opinion dated November 24, 2015,[2] as our own and hold, based upon the reasons stated therein, that the trial court committed neither an error of law nor an abuse of discretion in granting JP Morgan's motion for summary judgment. The parties shall

---

[1] We note with displeasure that the argument portion of the Palumbos' brief is not divided into as many parts as there are questions to be argued, with corresponding headings, as is required by Pa.R.A.P. 2119(a). Because it would take more effort than it is worth to pour through the brief to determine whether each of the ten issues raised actually is supported by independent argument, reference to the record, and citation to authority, we decline to consider waiver.

[2] The opinion was filed on December 1, 2015.

- 3 -

attach a copy of the trial court's opinion dated November 24, 2015, to this memorandum in the event of further proceedings.

We add that, with the last question stated in their brief, the Palumbos question why the trial court in its opinion addressed whether JP Morgan had supplied the requisite notice to pursue a foreclosure action against them when that issue was not raised in their statement of errors complained of on appeal filed pursuant to Pa.R.A.P. 1925(b). Palumbos' Brief at 11. The easy answer to that question is that the Palumbos, although they have abandoned any notice-related claim in their brief to this Court, did claim in their 1925(b) statement that JP Morgan failed to provide a "notice required prior to filing." Statement of Matters Complained of on Appeal, 10/20/2015, at ¶ II. Accordingly, the trial court addressed that claim of error in its opinion. We fail to see why the Palumbos raise it as a question in their brief, as they do not even attempt to argue that the issue warrants some form of relief from this Court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/14/2016

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

JPMORGAN CHASE BANK, N.A.                    :        No.    12-1389
                                             :
              vs.                            :
                                             :
GREGORY PALUMBO and LISA PALUMBO             :
and UNITED STATES OF AMERICA                 :

Robert E. Warring, Esquire – Counsel for Appellee/Plaintiff
Gregory and Lisa Palumbo – Pro Se Appellants/Defendants
United States of America – Pro Se Appellee/Defendant

ANGELOS, J.                                  DATE:        November 24, 2015

## OPINION

Appellants/Defendants, Gregory and Lisa Palumbo, appeal from the August 27, 2015 Order granting summary judgment in favor of Plaintiff, JPMorgan Chase Bank, N.A., in the above-captioned mortgage foreclosure action. Appellee, JPMorgan Chase Bank, N.A., established that they hold the subject bearable note and mortgage, and Appellants acknowledged that they were in default and failed to specifically deny the amounts alleged due and owing under the mortgage. Therefore, Appellee is entitled to judgment as a matter of law and the August 27, 2015 Order should not be disturbed.

## PROCEDURAL AND FACTUAL HISTORY

Appellee filed the instant mortgage foreclosure action on February 17, 2012 with the filing of a complaint. Appellants filed an answer with new matter on April 23, 2012. Appellee filed a reply to Appellants' new matter on June 13, 2012. The action was consolidated with Appellants' quiet title and conversion action against Appellee at case number 2011-009799 on

October 24, 2014. Appellee moved for summary judgment on July 17, 2015. Appellants filed their response to Appellee's motion for summary judgment on August 10, 2015. Summary judgment was granted in mortgage foreclosure only in favor of Appellee by Order dated August 27, 2015, which was docketed on August 28, 2015. Upon entry of summary judgment in the mortgage foreclosure action, the action at case number 2011-009799 was unconsolidated from the instant action. Appellants filed their notice of appeal on September 28, 2015.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

The issues raised in Appellants' Statement of Matters Complained of on Appeal are as follows:

1. Whether it was error to deem Appellee's allegations concerning default and the amounts due under the mortgage admitted;

2. Whether it was error to find that Appellee is entitled to foreclose in the instant action;

3. Whether it was error to find that Appellee's Complaint is properly verified;

4. Whether Appellants were denied meaningful discovery; and

5. Whether Appellee was required to provide Appellants notice in addition to any notice required by Act VI and Act IX.

## DISCUSSION

Summary judgment is proper where there is no genuine issue of material fact as to a necessary element of a cause of action or defense. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). The moving party has the initial burden of establishing through pleadings, deposition, answers to interrogatories, admissions, and affidavits that it is entitled to judgment as a matter of law. *Washington Fed. Sav. & Loan Ass'n v. Stein*, 515 A.2d 980, 981 (Pa.Super. 1986). *See*

2

*also*, Pa.R.C.P. 1035.1 (defining "record" within the context of a motion for summary judgment). Any doubts must be resolved against the moving party and the record must be examined in a light most favorable to the non-moving party. *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007).

Once the moving party meets their initial burden for summary judgment, a party opposing summary judgment has the burden of establishing a genuine issue for trial and may not merely rest on averments in the pleadings. *Buckno v. Penn Linen & Unif. Serv., Inc.*, 631 A.2d 674, 676 (Pa.Super. 1993). Furthermore, if relevant discovery is complete and a non-moving party bearing the burden at trial on a cause of action or defense has failed to produce evidence of fact essential to their claim(s), summary judgment for the moving party is proper. Pa.R.C.P. 1035.2(2); *Keystone Freight Corp. v. Stricker*, 31 A.3d 967, 971 (Pa.Super. 2011). An entry of summary judgment may only be reversed where there is an abuse of discretion or an error of law. *Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904, 906 (Pa.Super. 1998).

## I.     Summary Judgment is Proper Where Appellant Admitted Default and Failed to Deny Allegations of Amounts Due with Specificity

It is well settled in Pennsylvania that summary judgment is properly granted in mortgage foreclosure actions where the mortgagor admits default, lack of payment of interest and that the recorded mortgage is in the specified amount. *Id.* at 1057; *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 694 (Pa.Super. 1995). A mortgagor can admit averments in a complaint even absent a specific admission. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998). General denials or claims that a mortgagor is without information sufficient to form a belief as to the trust of averments as to the amounts due and owing must be considered an admission to those facts. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 466-67 (Pa.Super. 2014),

3

*appeal denied*, 112 A.3d 648 (Pa. 2015); *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa.Super. 1995); *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa.Super. 1987). See also, Pa.R.C.P. 1029. Since a mortgagor should have knowledge of what amounts are due under their mortgage and what amounts they paid towards their mortgage, they should be able to admit or specifically deny averments concerning the amounts due and owing on their mortgage. *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa.Super. 1995); *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952-53 (Pa.Super. 1987). A narrow exception to this rule exists where a party produces specific evidence of or a reason for their lack of knowledge of such information. *See U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 396-97 (Pa.Super. 2015) (holding that a defendant could deny sufficient information to deny or admit the amount due and owing on her mortgage where that defendant provided specific evidence that she was unable to ascertain the amount due and owing on her mortgage because the plaintiff had provided accountings that inexplicably increased the principal on the mortgage despite defendant's credible testimony that she had made all payments timely).

In the instant action, Appellants have generally denied Appellee's allegations of default and admit that they are currently not making any payments to any entity on the mortgage. *See* Defs.' Answer and New Matter, ¶ 9; Pls./Def. Palumbos' Reply to the Second Mot. for Summ. J., ¶ 10-28; Defs.' Ans. To Pl.'s Second Admission Requests, ¶ 9-10. Appellants also generally denied the specific amounts claimed due under the mortgage by Appellee, merely stating that some payments were made, but returned by Appellee. Defs.' Answer and New Matter, ¶ 10. Subsequently, Appellants claimed that some payments were made to the original lender, while at the same time acknowledging that the original lender no longer exists. *See* Defs.' Ans. To Pl.'s Requests for Admissions, ¶ 4, 6.

4

Furthermore, Appellants have failed to come forth with any specific allegations or evidence of how much, if any, they claim they paid, what dates those payments were made, to whom those payments were made, and what amounts, if any, they claim to be due under the mortgage. *See*, Pls./Def. Palumbos' Reply to the Second Mot. for Summ. J., ¶ 10-28; Defs.' Ans. To Pl.'s Requests for Admissions, ¶ 6, 7, 10, 11, 12; Defs.' Ans. To Pl.'s Second Admission Requests, ¶ 2-5, 7. Instead, Appellants currently claim they lack any knowledge as to whether they have made any payments toward the mortgage, what payments were made toward the mortgage and when, whether or not they have paid taxes on the property, and whether or not they maintain home owner's insurance on the property. *See* Defs.' Ans. To Pl.'s Second Admission Requests, ¶ 2-5. Appellants must have knowledge concerning the mortgage and note they signed, the amounts they were required to pay pursuant to the terms of said mortgage and note, and whether or not they have made payments toward that mortgage and the amounts of any such payments. Appellants fail to provide any reason for any such lack of knowledge.

Appellants appear to attempt to rely on the opinion of the Superior Court in the case of *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386 (Pa.Super. 2015) to support their general denial and claimed lack of information concerning their default as proper. *See* Statement of Matters Complained of on Appeal, ¶ X. They also appear to claim that summary judgment cannot be granted where the mortgage and note at issue are subject to a variable interest rate. *Id.* It should be noted that the *Pautenis* cases did not hold that summary judgment could not be entered in a mortgage foreclosure action involving a variable rate mortgage. In fact, the Superior Court noted that it appeared summary judgment may have been proper in that very case where the defendant failed to deny the plaintiff's allegations of default and amount due under the mortgage with specificity and failed to provide any evidence supporting her defense until trial. See, *U.S. Bank,*

5

*N.A. v. Pautenis*, 118 A.3d 386, 397 at n. 12 (Pa.Super. 2015). However, since the appellants in that matter failed to raise the issue of summary judgment in the matters complained of, the Superior Court did not reach the merits of that issue. *Id.*

Furthermore, the exception applied in that case allowing the defendant to claim a lack of knowledge of her default and the amounts due does not apply in the instant action because Appellants have failed to provide any testimony or evidence whatsoever concerning payments and have failed to point out any inconsistencies in the amounts demanded by Appellee. Unlike the defendant in *Pautenis*, Appellants in the instant action provide no reason they would not have knowledge of whether they made payments or what amounts are delinquent on their account. The narrow exception created in *Pautenis* was dependent on the facts of the case and was only applied because the defendant in that case had provided credible testimony that she made all payments due in a timely fashion and because the demands made by the plaintiff were not credible as they included an inexplicable increase in the principal balance of the loan. *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 396-97 (Pa.Super. 2015). Appellants in the instant matter have admitted they are not making payments on the mortgage and have failed to point out any specific, let alone unexplainable, inconsistency in the amounts demanded by Appellee.

It is clear from Appellants' Answer and New Matter, their responses to Appellee's Motion for Summary Judgment, and their responses to Appellee's requests for admissions that Appellants' sole defense to this mortgage foreclosure action is Appellee's standing to foreclose on the property. Their general denials concerning their clear default and the amount due under the mortgage are attempts to cloud the issues and avoid entry of summary judgment. Their mere reliance on the averments in their pleading, coupled with their failure to provide any specific allegations or evidence disputing Appellee's allegations and evidence of default and of the

6

itemized amounts due under the mortgage must be considered an admission to those allegations. Therefore, Appellee's are entitled to judgment as a matter of law on those issues.

**II.    Summary Judgment is Proper Where Appellee is the Legal Holder of the Mortgage and the Note Endorsed in Blank**

All actions must be prosecuted by and in the name of the real party in interest. Pa.R.C.P. 2002(a). A person is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question. *US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. 2009). An action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property. *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 953 (1987). Therefore, the holder of the mortgage can institute foreclosure proceedings upon default of the mortgagors. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056 (Pa.Super. 1998).

In Pennsylvania, a mortgage follows the promissory note secured by the mortgage. *Moore v. Cornell*, 68 Pa. 320, 322 (1871); *Appeal of Dubois*, 38 Pa. 231, 236 (Pa. 1861). Furthermore, under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1265 (Pa.Super. 2013). Therefore, a person is entitled to enforce a note if they are: (1) the holder of the note; (2) a nonholder in possession of the note who has the rights of a holder; or (3) a person not in possession of the note who is entitled to enforce the instrument under certain circumstances. 13 Pa.C.S.A. § 3301. The right to enforce a note vests upon delivery of the note "by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." 13 Pa.C.S.A. § 3203. Furthermore, a note endorsed in blank is a "bearer note" and, as such, is payable to anyone on demand regardless of the chain of

7

possession of the note. 13 Pa.C.S.A. § 3205(b); *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 466 (Pa.Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015).

A mortgagor in Pennsylvania has no standing to challenge the assignment or transfer of a note and mortgage. *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa.Super. 2013); *Bookmyer v. Davies*, 69 Pa. Super. 240, 242 (1918). The transfer of a note is a matter between the transferor and the transferee and a mortgagor cannot rely on defenses belonging to the transferor. *Bookmyer v. Davies*, 69 Pa. Super. 240, 242 (1918). Such defenses are not relevant to a mortgage foreclosure action because once a debt is satisfied, the debtor cannot be required to the satisfy the debt again, "even if the recipient of the debtor's performance is not the holder of the note in question." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1263 (Pa.Super. 2013).

The original lender in the instant action was Washington Mutual Bank, F.A. See Compl., ¶ 1(a), Ex. A, Ex. C. A copy of the mortgage, dated February 12, 2001, was attached to Appellee's Complaint with said mortgage having been recorded in the Office of the Recorder of Deeds for Delaware County, Pennsylvania in Mortgage Book 2133 at page 721 on March 2, 2001. *Id.* at 1(b), 1(c), Ex. A. A copy of the note was attached to Appellee's Complaint without any endorsements. *Id.* at Ex. C. Appellants admit they signed the mortgage and note. Pl., JPMorgan Chase Bank, N.A.'s Mot. for Summ. J., Ex. 4, Defs.' Ans. to Pl.'s Requests for Admissions, ¶ 1-2. At the time the Complaint was filed, Appellee alleged that they owned the mortgage pursuant to a transfer to Appellee of Washington Mutual Bank, F.A.'s assets and loans from the Federal Deposit Insurance Corporation, which allegedly seized Washington Mutual Bank, F.A. on September 25, 2008. Compl., ¶ 2-3. Appellee attached a certified copy of an Affidavit of the Federal Deposit Insurance Corporation, recorded in the Office of the Recorder of

8

Deeds in King County, Washington, verifying that "certain assets, including all loans and all loan commitments, of Washington Mutual Bank, F.A. were transferred to JPMorgan Chase on September 25, 2008 pursuant to a purchase and assumption agreement. *Id.* at Ex. B. Therefore, at the time of the filing of the Complaint, Appellee had standing as the legal owner of the mortgage and a nonholder in possession of the note having the rights of a holder pursuant to 13 Pa.C.S.A. § 3301(3) and 3203. Appellant's attempt to challenge the validity of the transfer of the mortgage and note from the Federal Deposit Insurance Corporation to Appellee is misplaced because Appellant was not a party to the transfer and cannot rely on a defense belonging to the original lender of the transferor. The validity of the transfer is not material to this mortgage foreclosure action.

Furthermore, the note subsequently was endorsed in blank by JPMorgan Chase Bank, N.A., as successor in interest pursuant to the transfer from the Federal Deposit Insurance Corporation. Therefore, Appellee has now established that they are the holder of a note endorsed in blank. As the holder of a "bearer note," Appellee is entitled to enforce the note regardless of the chain of possession of the note. 13 Pa.C.S.A. § 3205(b). Appellants are not aggrieved by any deficiency in the chain of title because Appellants cannot be held responsible for the debt once it is satisfied. Therefore, Appellee is entitled to judgment as a matter of law.

## III. Verification of Complaint

Appellants appear to argue that summary judgment is improper because Appellants want to challenge the verification attached to Appellee's Complaint. *See* Statement of Matters Complained of on Appeal, ¶ IV. Pursuant to Pennsylvania Rule of Civil Procedure 1024(a), pleadings must contain verification that all averments or denials of fact are "true upon the signer's personal knowledge or information and belief..." It is important to note that the signer

9

is not required to identify the source of the information or the expectation/ability to prove the fact or denial at trial. Pa.R.C.P. 1024(a). Generally, the verification must be made by a party. Pa.R.C.P. 1024(c).

Appellee's Complaint contains verification by a person declaring that they are an agent of Appellee, with the authorization to make the verification. See Verification attached to Compl. Furthermore, the signer verifies that "[t]he statements of fact contained in the [Complaint] are true and correct to the best of his/her knowledge, information and belief." *Id.* The signer goes on to state that they understand the statements are made subject to the penalties of 18 Pa.C.S.A. ¶ 4904. *Id.* Therefore, Appellee's burden under the procedural rule is satisfied and nothing further is required of Appellee. Rule 1024 "must not be transformed into an offensive weapon designed to strike down an otherwise valid petition." *Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa.Super. 1979). Appellants are improperly attempting to use Rule 1024 as such by attempting to turn the procedural verification into a substantive issue.

## IV.    Appellants' Discovery Requests

Appellants also claim that Appellee and the trial court denied them meaningful discovery. *See* Statement of Matters Complained of on Appeal, ¶ V, VI, VII. The record indicates that Appellants filed a discovery related motion on June 25, 2015. In that motion, Appellants allege that Appellee failed to properly respond to interrogatories, expert interrogatories, employee/agent interrogatories, requests for production of documents and admission requests, and failed to produce two (2) specific individuals Appellants requested for deposition. *See* Pl./Defs. Palumbo Mot. to Preclude or in the Alternative Compel Deposition Attendance by Agents and for Sanctions, ¶ 1, 13. Appellants claim that Appellee's conduct left Appellants without knowledge

10

of what documents and witnesses Appellee would utilize at trial and precluded Appellants from establishing their defense. *Id.* at 10, 12, 16.

It should first be noted that Appellant attached several discovery requests and responses to their motion that were captioned as pertaining only to Appellants' case against Appellee's at case number 2011-009799 (mistakenly cited as case number 2011-009711). *See* Pl./Defs. Palumbo Mot. to Preclude or in the Alternative Compel Deposition Attendance by Agents and for Sanctions, Ex. A, Ex. B, Ex. D. None of those requests contain signatures or dates, but Appellants state in the motion that at least some of them were served on July 19, 2014. *See Id.* at ¶ 3, Ex. A, Ex. B, Ex. D. Furthermore, the responses to the discovery requests in case number 2011-009799 were all dated August 19, 2014. Therefore, it appears that the discovery requests were served prior to consolidation of the two (2) actions. *Id.* at Ex. B, Ex. C, Ex. D, Ex. F. At the time, Appellee objected to the respective discovery requests as untimely pursuant to the Trial Assignment and Case Management Order of March 17, 2014 that controlled the action at that time. *Id.* at Ex. B, Ex. C, Ex. D, Ex. F. *See also,* March 17, 2014 Trial Assignment and Case Management Order, docketed on March 18, 2014, ¶ 1 (attached hereto as Ex. A). According to that Order, the discovery deadline was June 7, 2014 and the scheduled trial term was July 7, 2014. March 17, 2014 Trial Assignment and Case Management Order, docketed March 18, 2014, ¶ 1-2 (attached hereto as Ex. A). Appellants' discovery requests were, therefore, untimely. They were also not relevant to the instant summary judgment matter, which only pertains to the mortgage foreclosure action and not case number 2011-009799.

Secondly, although Appellant acknowledges receiving responses to all of Appellants' discovery requests, Appellants failed to attach several of those responses to their discovery motion and, in several instances, attached responses to different requests as is evident from the

case captions on the respective requests and responses. *Id.* at ¶ 3, ¶ 5, 19, Ex. A, Ex. C, Ex. F. This makes it impossible to determine whether Appellee's responses were appropriate. Furthermore, in the single instance where Appellants attached both the discovery request and the corresponding response for the instant mortgage foreclosure matter, the discovery responses appear appropriate. *Id.* at Ex. D. In that response, Appellee provides Appellants with a list of the exhibits that Appellee planned on using at trial, including the original note, mortgage, "FDIC" affidavit, payment histories, payoff statement and the "WAMU" purchase agreement, as well as informing Appellants that Appellee planned on having a corporate designee testify at trial concerning Appellee's business records and the original lender's business records. *Id.* at Ex. D, JPMorgan Chase Bank, N.A.'s Responses to Pls.' Interrogatories dated February 13, 2015, Specific Objections and Responses to the Interrogatories, ¶ 2, 3, 25. Appellee also informed Appellants that the original note and mortgage were in possession of Appellee's counsel and could be made available to Appellants for inspection. *Id.* at Ex. D, JPMorgan Chase Bank, N.A.'s Responses to Pls.' Interrogatories dated February 13, 2015, Specific Objections and Responses to the Interrogatories, ¶ 7. Therefore, Appellants were, in fact, provided the very information they claim Appellee failed to provide. None of the other information requested by Appellants is relevant to the instant mortgage foreclosure action or likely to lead to admissible evidence because Appellants lack standing to challenge the validity of the chain of custody of their mortgage and note for the reasons stated above.

Finally, Appellants claim they were improperly precluded from deposing two (2) individuals that are necessary to establish Appellants' defense. *See* Statement of Matters Complained of on Appeal, ¶ VII. The two (2) individuals requested by Appellants are the individuals that verified Appellee's Complaint and their motion for summary judgment in the

separate action at 2011-009799 that was filed prior to its consolidation with the instant matter. *See* Pl./Defs. Palumbo Mot. to Preclude or in the Alternative Compel Deposition Attendance by Agents and for Sanctions, ¶ 13. Appellee refused the depositions of those specific individuals, but responded that they would produce a corporate designee to testify concerning the factual averments in the Complaint as well as Appellee's business records. *Id.* at ¶ 15, Ex. E. Appellants refused the opportunity to depose an agent for Appellee and, therefore, waived any argument that they were denied such discovery.

The mere fact that these specific individuals verified filings in this matter as agents of Appellee does not make them indispensable witnesses to this action or Appellants' defense. The only reason Appellants would require these specific individuals would be to ask the source of their information concerning the factual allegations in the filings they verified, which is not permitted pursuant to Pennsylvania Rule of Civil Procedure 1024(a) (a signer does not need to state the source of the information or expectation of ability to prove the facts). Especially objectionable is the fact that Appellants acknowledge the individual that verified the Complaint is no longer employed by Appellee and, therefore, cannot be produced by Appellee. *See* Pl./Defs. Palumbo Mot. to Preclude or in the Alternative Compel Deposition Attendance by Agents and for Sanctions, ¶ 14. In fact, Appellants state that they know the whereabouts and employment status of that individual, meaning Appellants had the ability to subpoena him for deposition if they so desired. *Id.*

V.      Notice to Appellants of Transfer of Mortgage/Note

Appellants' final argument, concerning a document identified as "chase bate's stamped document 0388 (Notice Required Prior to Filing)," is unclear. It appears that Appellants argue Appellee was required to provide Appellants with some notice in addition to any notice required

13

by Act VI and/or Act IX. *See*, Statement of Matters Complained of on Appeal, ¶ II. Appellants failed to raise any such issue in preliminary objections, an answer, or new matter. Any such defense is, therefore, waived. See Pa.R.C.P. 1032(a) ("[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply..."). Furthermore, any such issue was not raised in Appellants' response to Appellee's motion for summary judgment and, pursuant to applicable legal authority and the reasons stated above, is not relevant to the issue of summary judgment in a mortgage foreclosure action.

For the foregoing reasons, the Order of August 27, 2015 should not be disturbed.

BY THE COURT:

_____
SPIROS E. ANGELOS, J.

14

# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

**GREGORY PALUMBO, ET AL**       |      NO. 11-009799

        **v.**

**JP MORGAN CHASE NA, ET AL**

Gregory Palumbo, Esquire
Brett L. Messinger, Esquire, Ashley A. Federer, Esquire

## TRIAL ASSIGNMENT AND CASE MANAGEMENT ORDER

**AND NOW**, this 17th day of March, 2014, it is **ORDERED** and **DECREED** as follows:

1. Trial Assignment

   Trial is scheduled for this Court's four (4) week trial term commencing **July 7, 2014.**

2. Discovery

   All pretrial discovery, except the exchange of all expert reports, shall be completed at least thirty (30) days prior to the beginning of the trial term.

3. Summary Judgment

   All Motions for Summary Judgment shall be filed not later than forty five (45) days prior to the beginning of the trial term.

4. Witnesses

   A. All witnesses are to be available on the first day of trial, unless permission to do otherwise is obtained from the Court. If there is any possibility that a witness, either expert or otherwise, will not be available for trial, the testimony of that witness shall be videotaped so as not to delay trial. All videotape testimony shall be submitted, by way of transcript to the Court, no later than ten (10) days prior to the beginning of the trial term. (See Pa.R.C.P. 4017; 4017.19(a) through (b); Delaware County Rule of Civil Procedure *4017.1(l) through (m).

A.     A brief narrative statement of the case;

B.     A list of the types and amounts of all damages claimed, if the action involves liquidated damages, the basis and specific amount thereof;

C.     A list of the names and address of all persons who may be called as witnesses by the party filing the statement, classifying them as liability or damage witnesses. A reference which does not state the name of the witness shall be permitted when the witness is described by title or representative capacity;

D.     A list of all exhibits which a party intends to use at trial;

E.     A copy of the written report, or answer to written interrogatory consistent with Rule 4003.5, containing the opinion and the basis for the opinion of any person who may be called as an expert witness;

F.     <u>Any stipulations requested. If you do not object within ten (10) days to a stipulation requested by another party, such stipulation shall be regarded as without objection and deemed as agreed to;</u>

G.     The exhibits listed in the Pretrial Statement or copies thereof, shall be made available by the party filing the statement;

H.     A realistic estimate of the trial time involved in the case; and

I.     A statement of the legal issues in the case including any unusual evidentiary questions. Vague statements such as "whether or not the defendant was negligent" will not be acceptable.

7.     Motions in Limine

All Motions in Limine shall be filed not later than fifteen (15) days prior to the beginning of the trial term. Except for good cause shown, any Motion in Limine filed thereafter shall be deemed waived and denied. All response, shall be filed not later than seven (7) days after receipt of the Motion in Limine.

8.     Proposed Voir Dire, Points for Charge and Verdict Slip

Not later than <u>ten (10) days</u> prior to the beginning of the trial term, counsel shall submit, when applicable:

A. proposed voir dire, points for charge and proposed verdict slip. All requested jury instructions shall be submitted in duplicate with each point on a separate page and with citations of authority for any point which is not included in, or deviates from, the Suggested Pennsylvania Standard Civil Jury Instructions.

9. Proposed Findings of Fact and Conclusions of Law

A. In all non-jury trials, proposed findings of fact and conclusions of law are to be submitted within ten (10) days after the completion of the non-jury trial.

10. Jury Demand

Except where a party has demanded a trial by a jury consisting of twelve (12) members in accordance with Pa.R.C.P. 1007.1(a) and Local Civil Rule *1007.1(f), or a trial by jury has been waived, a general demand for jury trial shall consist of eight (8) members, and such trial shall continue so long as at least six (6) jurors remain in service.

11. Cooperation and Coordination

All trial counsel shall meet with each other not later than one (1) week before the commencement of said trial term, either personally or by telephone conference, to make a good faith effort to:

A. Settle the case or issues contained therein;

B. Resolve or minimize objections to depositions;

C. Agree upon stipulations to uncontested facts;

D. Minimize the number of required witnesses;

E. Enter into such other reasonable agreements as will expedite the trial.

12. Settlement

If this case is wholly or partly settled prior to the trial term date assigned in paragraph 1 herein, counsel for Plaintiff shall immediately notify this Court by telephone (610-891-5410) and confirm the telephone notice with written notice to this Court (3rd Floor, Courthouse, Media, PA 19063).

13. Deadlines

Nothing contained in this Order is intended, or shall be construed, to extend any pre-existing deadlines, however established, for submission of expert reports or any of the other items which this Order required be accomplished or submitted. All deadlines in this case shall be calculated from the date of the first listing for trial. If the case is not reached, or is continued, the pre-existing deadlines remain the same.

14. Attachment of Trial Counsel

The above trial counsel are hereby attached. Unless counsel are notified prior to **July 1, 2014**, that the above case will be No. 1 on this trial list, you and your clients, together with all witnesses, shall appear for the trial of this case upon ½ day notice during such term. In the event that your case is not reached during its scheduled trial term, it will appear on successive trial lists without further written notice being given by this Court. It is counsels' obligation to contact chambers for the next assigned date.

15. Continuance Requests

*Once a date is scheduled for trial, I am extremely reluctant to grant continuances. If a continuance is requested, parties should utilize the Civil Continuance Form available through the Office of the Court Administrator.*

16. Documents

**COURTESY COPIES OF ALL DOCUMENTS FILED WITH THE OFFICE OF JUDICIAL SUPPORT SHALL BE FURNISHED TO THIS COURT CONTEMPORANEOUSLY WITH THE FILING.**

**BY THE COURT:**

**SPIROS E. ANGELOS, J.**

DELAWARE CO. PA.
JUDICIAL SUPPORT
OFFICE OF

2014 MAR 18 PH 2:47

FILED JM