J-A31012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC. 2006-HE-1, ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-HE-1 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL CANNON AND ANN CANNON, THE UNITED STATES OF AMERICA C/O THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF PA | |
| APPEAL OF:  MICHAEL CANNON AND ANN CANNON | No. 406 EDA 2016 |

Appeal from the Judgment Entered February 26, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2014-001513

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:  **FILED FEBRUARY 03, 2017**

Appellants, Michael and Ann Cannon, appeal from the judgment entered on February 26, 2016,[1] after the trial court denied their motion for

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellants purport to appeal from the January 11, 2016 order denying their post-trial motion.  Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions.  **See Johnston the Florist, Inc. v. TEDCO Constr. Corpo.**, 657 A.2d 511 (Pa. Super. 1995).  Nevertheless, a final judgment entered during pendency of an appeal is sufficient to perfect appellate jurisdiction.  **Drum v. Shaull Equipment and Supply, Co.**, 787 A.2d 1050, 1052 n.1 (Pa. Super. 2001).  Here, Appellants filed a notice of appeal prematurely on February 4, 2016, prior to the entry of judgment.  However, the record reflects that judgment
*(Footnote Continued Next Page)*

post-trial relief in the instant mortgage foreclosure action. After careful review, we affirm.

The relevant facts and procedural history were summarized by the trial court in its Pa.R.A.P. 1925(a) opinion, as follows:

> US Bank, N.A., as Trustee for Asset Backed Pass-Through Certificates Series 2006-HEI, initiated this *in rem* mortgage foreclosure action on February 19, 2014[,] with the filing of a Complaint [against Appellants]. On May 5, 2015, US Bank, N.A., as Trustee for Asset Backed Pass-Through Certificates Series 2006-HEI was substituted by [U.S. Bank National Association as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-HE-1, Asset-Backed Pass-Through Certificates Series 2006-HE-1 ("Appellee")]. [Appellants] filed preliminary objections on May 7, 2014, arguing, *inter alia*, that the Complaint was not properly verified and failed to contain allegations concerning capacity to sue and place of business. [Appellants'] preliminary objections were overruled by Order dated June 26, 2014. [Appellants] filed an answer with new matter on July 15, 2014, which new matter was responded to on July 29, 2014.
>
> A bench trial was held on September 29, 2015. Subsequently, a Decision and Findings of Fact and Conclusions of Law was entered on October 20, 2015 in favor of [Appellee]. [Appellants] filed their post-trial motion on October 28, 2015, which was denied by the Order dated January 11, 2016. [Appellants] filed their notice of appeal on February 4, 2016 prior to judgment having been entered. Judgment was ultimately entered on February 26, 2016.

Trial Court Opinion ("TCO"), 4/4/16, at 1-2 (internal citations omitted).

---

*(Footnote Continued)*

was entered on February 26, 2016. In accordance with the Pennsylvania Rules of Appellate Procedure, we treat Appellants' notice of appeal as if it were filed after the entry of judgment and on the date thereof. **See** Pa.R.A.P. 905(a)(5). Hence, the instant appeal is properly before this Court.

On February 22, 2016, Appellants filed a timely, court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Now, Appellants raise the following issues on appeal:

1. Was the testimony of a sole witness, not an employee of [Appellee] and not employed by anyone connected with the subject mortgage for the first three years of said mortgage, sufficient?

2. May a case proceed where the Complaint has not been verified by an officer or employee of [Appellee]?

3. May a case proceed where [Appellee] has never averred or produced evidence relating to its business form, its standing and status in Pennsylvania, or its address?

4. May a case proceed where [Appellee] has failed to disclose its business location, despite demand by [Appellants] for that information?

5. May a case proceed where [Appellee] never demonstrated that it was qualified to do business in Pennsylvania either as a domestic or foreign entity?

6. Is an assignment of mortgage valid where a Texas notary recited that the transaction was taking place in the [Commonwealth] of Pennsylvania and County of Dallas [*sic*]?

7. Where the assignment of a mortgage explicitly involved a trust and a power of attorney[,] is the transaction valid without production of either of these alleged instruments?

8. Can a loan history of a mortgage be substantiated despite the total lack of records between September 26, 2005 and February 5, 2006?

Appellants' Brief at 7-9.

To begin, we note our standard of review:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of

the trial judge in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. Furthermore, our standard of review demands that we consider the evidence in a light most favorable to the verdict winner.

*Levitt v. Patrick*, 976 A.2d 581, 588-589 (Pa. Super. 2009). "[W]e will reverse a trial court's denial of a motion for JNOV or a new trial only if we find an abuse of discretion or an error of law that controlled the outcome of the case." *Walnut Street Associates, Inc. v. Brokerage Concepts, Inc.*, 982 A.2d 94, 97 (Pa. Super. 2009).

Appellants raise numerous objections herein to the validity of the underlying mortgage foreclosure action. For ease of disposition, we respond to Appellants' claims out of order and first address claims 3 through 5 together, as these issues all involve Appellee's business location and qualification to do business in Pennsylvania. Appellants essentially assert that Appellee has failed to provide an address for its place of business and/or proof that it is qualified to conduct business in the Commonwealth of Pennsylvania, and question whether Appellee had standing to bring the underlying foreclosure action against them. *See* Appellants' Brief at 16-17. We conclude that Appellants' claims are wholly without merit.

The trial court found that Appellee's business location and qualifications to do business in Pennsylvania are,

*not* relevant to the current cause of action because [Appellee] does *not* do business within the Commonwealth of Pennsylvania and is, therefore, *not* required to register or comply with the Foreign Business Corporations Act. **See** 15 Pa.C.S.A. §§ 401, 402.[2] "A foreign corporation … is restricted only when 'doing business' within the meaning of our acts requiring, in such case, the performance of certain duties before becoming so engaged." **Meaker Galvanizing Co. v. Charles E. McInnes & Co.**, 116 A. 400, 402 (Pa. 1992). Whether a corporation is "doing business" is a matter of fact to be resolved on a case-by-case basis. **Wenzel v. Morris Distrib. Co.**, 266 A.2d 662, 666 (Pa. 1970).

In the instant matter, there is no allegation or indication that [Appellee] was or is "doing business" in Pennsylvania within the meaning of the statute…. It has been held that it is not sufficient merely to allege that a corporation is doing business within Pennsylvania, but that a defendant must set forth facts supporting such an allegation. **Id.** Furthermore, under the statute, a corporation is not doing business in Pennsylvania simply by maintaining an action here, by creating or maintaining indebtedness or mortgages here, or by securing or collecting debts and enforcing mortgages here. 15 Pa.C.S.A. § 403. The Pennsylvania Supreme Court has also found that the passive owning of real estate for investment or fiduciary purposes does not qualify as "doing business." **Am. Hous. Trust, III v. Jones**, 696 A.2d 1181, 1184 (Pa. 1997). Therefore, any argument by [Appellants] that [Appellee's] place of business has any relevance to this matter lacks merit.

TCO at 7-8 (emphasis added).

We agree with the trial court's conclusion that Appellee was not required to register in the Commonwealth of Pennsylvania before bringing its

---

[2] Section 411 of the Foreign Business Corporations Act provides, in relevant part, that "[e]xcept as provided in section 401 (relating to application of chapter) … a foreign filing association or foreign limited liability partnership may not do business in this Commonwealth until it registers with the department under this chapter." 15 Pa.C.S. § 411(a).

foreclosure action against Appellants. However, this Court recognizes that sections 401–403 of the Foreign Business Corporations Act, on which the trial court relied, did not take effect until July 1, 2015, *after* the commencement of the foreclosure action.[3] Thus, we review the relevant sections of the Act which were in place at the time the foreclosure action was initiated.

Similar to its predecessor, section 4122(a) identified activities which do not constitute "doing business" and provided, in relevant part, as follows:

> [A] foreign business corporation shall not be considered to be doing business in this Commonwealth for the purposes of this subchapter by reason of carrying on in this Commonwealth any one or more of the following acts:
>
> …
>
> (8) Securing or collecting debts or enforcing any rights in property securing them.
>
> …
>
> (11) Inspecting, appraising and acquiring real estate and mortgages and other liens thereon and personal property and security interests therein, and holding, leasing, conveying and transferring them, as fiduciary or otherwise.

---

[3] "A statute will not generally be construed to be retroactive unless clearly and manifestly so intended by the legislature." ***Morabito's Auto Sales v. Com., Dept. of Transp.***, 715 A.2d 384, 386 (Pa. 1998) (citing 1 Pa.C.S. § 1926). Here, there is no indication that the legislature intended for sections 401-403 to apply retroactively.

15 Pa.C.S. § 4122(a)(8), (11).[4]   Based on the plain language of Section 4122, Appellee was clearly not "doing business" in Pennsylvania as defined by the Act.   Accordingly, we conclude that under either the old or new version of the Act, the trial court was correct in finding that Appellee was not required to register in this Commonwealth in order to have standing to bring the underlying action against Appellants.

Appellants also attack the assignment of mortgage, claiming that it is invalid because the seal of a Texas notary indicates that the transaction took place in the Commonwealth of Pennsylvania and County of Dallas. Appellants aver that this is not merely a spelling error or mistake, but that it is "evidence of a reckless disregard for fundamental principles of transfers." Appellants' Brief at 18.   However, Appellants' argument is not cognizable because they do not have standing to challenge the validity of the assignment. *See J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1264 (Pa. Super. 2013) (citing *In re Walker*, 466 B.R. 271, 285-286 (Bankr.E.D.Pa. 2012) (holding that a debtor lacks standing to question the validity of an assignment of note)).[5]

_____

[4] 15 Pa.C.S. § 4122 was repealed by 2014, Oct. 22, P.L. 2640, No. 172, § 25, effective July 1, 2015.

[5] The trial court opined:

> A mortgagor in Pennsylvania has no standing to challenge the assignment or transfer of a note and mortgage. *JP Morgan*[, 63 A.3d at 1266]; *Bookmyer v. Davies*, 69 Pa. Super. 240,

*(Footnote Continued Next Page)*

- 7 -

To the extent that Appellants appear to be implying Appellee lacked standing to enforce the note and mortgage with the underlying foreclosure action, the trial court responded:

> The holder of the mortgage can institute foreclosure proceedings upon default of the mortgagors. **Cunningham v. McWilliams**, 714 A.2d 1054, 1056 (Pa. Super. 1998). In Pennsylvania, a mortgage follows the promissory note secured by the mortgage. **Moore v. Cornell**, 68 Pa. 320, 322 (1871); **Appeal of Dubois**, 38 Pa. 231, 236 (Pa. 1861). Furthermore, under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. **J.P. Morgan**[, 63 A.3d at 1265]. Therefore, a person is entitled to enforce a note if they are: (1) the holder of the note; (2) a nonholder in possession of the note who has the rights of a holder; or (3) a person not in possession of the note who is entitled to enforce the instrument under certain circumstances. 13 Pa.C.S. § 3301. The right to enforce a note vests upon delivery of the note "by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." 13 Pa.C.S. § 3203. Furthermore, a note endorsed in blank is a "bearer note" and, as such, is payable to anyone on demand regardless of the chain of possession of the note. 13 Pa.C.S. § 3205(b); **Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 466 (Pa.Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015).

> …

*(Footnote Continued)* ——————————

> 242 (1918). The transfer of a note is a matter between the transferor and the transferee and a mortgagor cannot rely on defenses belonging to the transferor. [**Id.**] Such defenses are not relevant to a mortgage foreclosure action because once a debt is satisfied, the debtor cannot be required to satisfy the debt again, "even if the recipient of the debtor's performance is not the holder of the note in question." **JP Morgan**[, 63 A.3d at 1263].

TCO at 4.

[Appellee] in the instant matter established that they hold the original note at issue, which was endorsed in blank by the original mortgagee in this matter. In accordance with the authority cited above, [Appellee] is the legal holder of the mortgage since it follows the note. Furthermore, [Appellee] is the record holder of the mortgage as a result of the Corrective Assignment of Mortgage duly recorded in the Recorder of Deeds Office of Delaware County. This Corrective Assignment of Mortgage, which purportedly transfers the mortgage from the original lender through an attorney-in-fact to [Appellee], is the only assignment of mortgage relevant to this matter.[1] As noted above, this assignment cannot be challenged by [Appellants] because they were not a party to the transfer or assignment. Therefore, [Appellee] had standing to foreclosure as the holder of the mortgage and was entitled to judgment as a matter of law.

[1] It should be noted that the Assignment of Mortgage marked as Exhibit D1 was offered by [Appellants] into evidence and not [Appellee]. It should be further noted that while a clerical error may exist on the face of that assignment, the Corrective Assignment of Mortgage marked as Plaintiff's Exhibit 3 specifically notes that it is being recorded to amend that assignment.

TCO at 3-4. After careful review, we conclude that the trial court's findings are well-supported by the record. We discern no error of law or abuse of discretion.

Next, Appellants aver that the trial court erred in relying on the sole testimony of Georgeann Sandstrom ("Ms. Sandstrom"), who had never been an employee of Appellee and, therefore, had no personal knowledge of activity regarding Appellants' mortgage. Appellants' Brief at 14. However, as the trial court noted:

Ms. Sandstrom testified that she is an employee of the company that services the loan for [Appellee]. Ms. Sandstrom testified that her company is the records custodian for [Appellee] and demonstrated that she is familiar with the procedure and

regularity in which those records are created and maintained. According to Ms. Sandstrom, her company has serviced the loan and maintained the records for the loan since February 2006, which is prior to the date of [Appellants'] default. The record clearly establishes that Ms. Sandstrom was qualified to authenticate the business records offered by [Appellee]. [Appellants] fail to cite to any authority that requires [Appellee] to offer any other witness or evidence.

TCO at 6.

As we explained in **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386 (Pa. Super. 2015):

"Hearsay" is an out of court statement offered in court for the truth of the matter asserted. Pa.R.E. 801(c). A writing constitutes a "statement" as defined by Rule 801(a). **See** Pa.R.E. 801(a). Subject to certain exceptions, hearsay is inadmissible at trial. Pa.R.E. 802. One such exception is contained in Rule 803(6), which permits the admission of a recorded act, event or condition if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6) []. Furthermore, the Uniform Business Records as Evidence Act states:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b).

*U.S. Bank, N.A.*, 118 A.3d at 401.

It is not essential under the Uniform Business Records as Evidence Act to produce either the person who made the entries or the custodian of the record at the time the entries were made. Moreover, the law does not require that a witness qualifying business records even have a personal knowledge of the facts reported in the business record. As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence.

*Boyle v. Steiman*, 631 A.2d 1025, 1032-33 (Pa. Super. 1993) (internal citations omitted). Based on the foregoing, we agree with the trial court's conclusion that Ms. Sandstrom was clearly qualified to authenticate the business records produced by Appellee and that her testimony falls within the exception to hearsay. We discern no abuse of discretion by the trial court and deem Appellants' claim to be meritless.

Appellants further suggest that the trial court erred in allowing the foreclosure action to proceed in the absence of a complaint verified by an officer or employee of Appellee. Appellants fail, however, to develop their argument and/or cite to any relevant authorities in their brief in support of this claim. *See* Appellants' Brief at 15. Pennsylvania Rule of Appellate

Procedure 2119 expressly states that the argument section of a brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent*." Pa.R.A.P. 2119(a) (emphasis added). "Appellate arguments which fail to adhere to [the Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). Thus, we deem this issue to be waived.

Even if Appellants had not waived this claim, we would deem their contentions to be wholly without merit. Appellants' assertion that the complaint is invalid because it was not verified by an officer or employee of [Appellee] blatantly disregards the plain language of Pa.R.C.P. 1024, which provides, in relevant part, as follows:

> **Rule 1024. Verification**
>
> (a)  Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.
>
> …

- 12 -

> (c)    The verification shall be made by one or more of the parties filing the pleading *unless all the parties (1) lack sufficient knowledge or information*, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. *In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party*.

Pa.R.C.P. 1024(a), (c) (emphasis added).

Rule 1024 expressly dictates that a verification may be signed by a non-party, so long as it complies with the requirements of section (c) of this Rule. ***See id***. Here, the verification was executed by Linwood Williams ("Mr. Williams"), Vice President of Loan Documentation at Wells Fargo Bank, N.A., the mortgage servicing agent for Appellee. The verification states that Mr. Williams is authorized to verify that the statements made in the foreclosure action are true and correct to the best of his information and belief, and it also contains the following notation:

> [D]ue to its mortgage servicing agency relationship with [Appellee], Wells Fargo Bank, N.A. is in possession and control of all documents and records supporting the statements in the foregoing pleading and, therefore, the undersigned, rather than an officer or employee of [Appellee], is the appropriate individual to make this Verification pursuant to Pa.R.C.P. 1024(c).

Verification, 2/10/14, at 1 (attached to Appellee's Complaint in Mortgage Foreclosure). After careful review, we conclude that the verification attached to the complaint in mortgage foreclosure is in compliance with Rule

1024 and, therefore, discern no error of law or abuse of discretion on the part of the trial court.

Finally, Appellants aver that the trial court erred in relying on the loan history to establish the amount they owed Appellee where a portion of the loan history is missing. Again, we are constrained to find this issue waived due to Appellants' failure to properly develop their argument in accordance with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2119. Appellants fail to cite any authority in support of their argument, nor do they elaborate in any detail on their theory. "This Court will not act as counsel and will not develop arguments on behalf of [A]ppellant." *Coulter*, 94 A.3d at 1088.

Regardless, Appellants claims are also without merit. As the trial court held,

> the missing period [of the loan history] is prior to any default by [Appellants] and is, therefore, not relevant to the instant action, which involves damages incurred after [Appellants] defaulted on their mortgage. [Appellee's] loan history, which was properly authenticated and admitted into evidence without objection by [Appellants], established [Appellants'] default and the amount of damages incurred by [Appellee] as a result of said default. [Appellants] *did not contest* the allegation of default or the amount of damages at trial and offered only general denials and an improper claim of lack of knowledge in their prior pleadings. Not only did [Appellee] establish [Appellants'] default and the proper amount of damages, but [Appellants] effectively admitted such allegations prior to trial. Therefore, [Appellee] was entitled to judgment as a matter of law.

TCO at 5 (emphasis added). After careful review, we conclude that the trial court's findings are well-supported by the record.

Judgment affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2017